(46 South. 528.)

No. 16,916.

WILLIAMS v. LOUISIANA RY. & NAVIGATION CO.

(April 27, 1908. Rehearing Denied May 25, 1908.)

1. CARRIERS—EJECTION OF INTRUDERS — LIABILITIES.

The forcible ejection by a conductor of even a trespasser from a rapidly moving train is a tort, and the railroad company is responsible for the resulting injury.

2. APPEAL AND ERROR—REVIEW—EVIDENCE.

When a case hinges on the credibility of witnesses, the judgment will not be disturbed, unless clearly erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3901–3906.]

Monroe, J., dissenting.

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Winn; George Wear, Judge.

Action by Lu James Williams against the Louisiana Railway & Navigation Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Wise, Randolph & Rendall and Orin Medicus Grisham, for appellant. Gamble & O'Connell, for appellee.

LAND, J. This is a suit for damages for personal injuries. It involves only questions of fact. There was judgment below in favor of the plaintiff for $1,000. Defendant has appealed.

Plaintiff and another young negro man one night boarded defendant's local passenger train near Alonzo Station, six miles from Winnfield. They got on the rear platform of the last coach, reserved for white people, and there remained sitting on the steps until the train was near Winnfield. The conductor, lantern in hand, passed through the coach and out upon the platform. The two negroes were either ejected or voluntarily jumped from the train, moving at the rate of some twenty miles an hour. The conductor's testimony is to the effect that he saw plaintiff hanging with one hand from the platform, and, that, on the third demand for his fare, the plaintiff jumped off. Plaintiff's testimony is, in substance, that the conductor made no demand for fare, but kicked him on the leg, thereby knocking him off the train. Two white men, sitting on the rear seat of the same coach, saw the conductor pass out to the platform, and then heard a yell, and one of them saw, through the window, a man falling face downward. The conductor came back, appearing somewhat excited, and was asked: "Did you kick him off?" He replied: "No, he jumped off." The two white witnesses heard no demand for fare, and one of them testified that the

yell was accompanied by a noise "like some one kicking a dog."

No useful purpose would be subserved by reviewing the evidence in detail. The question was one of credibility, and we are not prepared to say that the finding of the trial judge was clearly erroneous. Moret v. N. O. Rys. Co., 112 La. 863, 36 South. 759.

We consider the question whether or not the plaintiff intended to steal a ride to be immaterial. If plaintiff, though a trespasser, was forcibly ejected by the conductor of the moving train, the defendant is responsible for the resulting injury. Jackson, Tutor, v. Railroad Company, 52 La. Ann. 1706, 28 South. 241.

Plaintiff sued for $2,500, and was allowed $1,000, as damages. He was painfully injured about his face and head. The award is not assailed in this court as excessive.

Judgment affirmed.

MONROE, J, dissents.