HAWTHORNE, Justice.
 

 On September 25, 1953, Don Orlando filed suit for a divorce on the ground that he and his wife, Mrs. Anna Polito Orlando, had been living separate and apart for more than two years. The wife in her answer denied the separation as alleged, and averred specifically that on or about April 29, 1953, approximately five months before the suit was filed, her husband returned home seeking a reconciliation, that on this occasion he spent the night in their home, and that they had sexual relations.
 

 On the issue as thus made up the case went to trial on the merits. After hearing the testimony of the witnesses the trial judge dismissed plaintiff’s suit and also overruled his motion for a new trial. Plaintiff has appealed.
 

 The wife and a daughter testified that the reconciliation took place as alleged, and that plaintiff spent the night of April 29, 1953, at home with his wife. This testimony was flatly contradicted by plaintiff. Consequently we have here a case involving the credibility of the witnesses. The trial judge tells us that he had an opportunity to observe the witnesses on the stand, that he did not believe plaintiff was telling the truth, but that on the contrary he accepted the testimony of the wife and the daughter,
 
 *849
 
 which completely discredited the testimony given by the plaintiff.
 

 It is well settled that the trial judge’s findings on question of fact, and particularly on questions involving the credibility of witnesses who testified before him, are entitled to great weight on appeal and will not be disturbed unless clearly erroneous. Williams v. Louisiana Ry. & Nav. Co., 121 La. 438, 46 So. 528; Barnes v. Le Blanc, 207 La. 989, 22 So.2d 404; Plunkett v. United Elec. Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437. We find no manifest error here.
 

 After judgment had been rendered dismissing plaintiff’s suit, he filed a motion for a new trial on the ground that he had stayed in a hotel in Hammond on-.the night of April 29, 1953, the night which his wife and .daughter had testified he spent at home in New Orleans, and that a new trial should be granted so that evidence of this fact could be adduced.
 

 The wife filed her answer to Orlando’s suit for divorce on November 9, 1953, specifically alleging that a reconciliation took place on or about April 29, 1953, and the case was not tried on its merits until .about three months after answer was filed. Plaintiff therefore had sufficient opportunity to produce his evidence at the time of the trial had he chosen to do so, and if any such evidence existed he could with due diligence have obtained it before the trial. For this reason we do not think that the trial judge has abused his discretion in overruling plaintiff’s motion for a new trial. For a new trial to be granted on the ground of newly discovered evidence, the party praying for it must show clearly that he discovered this evidence after the trial, and that he used every effort and all diligence in his power to timely procure the necessary evidence, and, if his vigilance is. in doubt, his application must fail. See Art. 560, La.Code Pr.; Berger v. Spalding, 13 La.Ann. 580.
 

 The judgment is affirmed at appellant’s costs.