SWIFT, Judge.
This appeal has been taken by defendants, Mack H. McCraney and his public liability insurer, United States Fidelity & Guaranty Company, from an adverse judgment based on a jury verdict awarding damages to plaintiffs, Mrs. Peggy S. Scruggs and her husband, William M. Scruggs, Jr., after entry of a remittitur with plaintiffs’ consent as an alternative to a new trial.
The suit arose from an accident that occurred on Louisiana Highway 1067 in Tangipahoa Parish, Louisiana, in the early afternoon of August 12, 1967. Involved therein were the Scruggs’ Chevrolet two-door sedan, operated by Mrs. Scruggs, and the McCraneys’ Oldsmobile sedan, driven by Mr. McCraney.
Just prior to the collision Mrs.- Scruggs, accompanied by her sister, Mrs. Robert L. Moser, who was holding the Scruggs’ one year old baby, Patti, was driving in an easterly direction in the right traffic lane of the blacktopped highway. She reduced the car’s speed as she approached the driveway of the Bovas’ residence, which is located on the north side of the highway approximately one and one-half miles east of the Hammond city limits. At this point the highway is straight and level, and there are relatively few inhabitants in the area. Mrs. Scruggs and Mrs. Moser testified the driver gave both the mechanical and manual signals of her intention to turn left and came to a stop in the eastbound traffic lane because the McCraney Oldsmobile was overtaking them from the rear. Very shortly thereafter the latter skidded into the rear of the Scruggs automobile, causing it to spin counterclockwise and there resulted at least one more impact between the two vehicles.
Mr. McCraney testified he was traveling toward the east at approximately 55 or 60 miles an hour. While in the left traffic lane attempting to pass the Scruggs Chevrolet, he saw its left front wheel come across the center line. McCraney applied the brakes immediately, but his car went into a skid and struck the other as he was trying to get back into the right lane to permit Mrs. Scruggs to complete her turn. On his discovery deposition, however, Mr. McCraney said the Scruggs car was in the right lane when he first realized there was danger of a collision, and that her car was still in the right lane at the time of the impact. He also testified on such deposition he thought the Scruggs vehicle “was still” when he struck it. McCraney suggested that if Mrs. Scruggs had made her turn the accident may have been avoided. He denied seeing Mrs. Scruggs give any left turn signal.
Mrs. McCraney was looking to her left out a window, not paying any particular attention at the time of the accident. However, she estimated their speed at about 50 to 55 miles per hour and recalled only seeing the other car briefly as they skidded into it trying to get back into the right lane.
Joseph N. Fleet, who was on the right front seat of the McCraney automobile, testified that as they started to pass the Chevrolet its wheels turned to the left. The McCraney Oldsmobile then swerved back to the right, and struck the other car in the rear. He did not see any turn signals or brake lights on the Chevrolet. Mr. Fleet estimated the speed of the Mc-Craney vehicle at 50 or 60 miles an hour.
Ralph L. Stevens, the state police officer who investigated the accident, testified that he found the Chevrolet partially in the westbound traffic lane facing in a northwesterly direction. The Oldsmobile was near the center of the highway, mostly in the eastbound traffic lane, facing in a southwesterly direction. He said that Mrs. Scruggs told him she was making a left turn into the driveway when her automobile *264 was struck. He measured approximately 160 feet of skid marks that were left by the McCraney automobile.
Both Mrs. Scruggs and Mrs. Moser denied the former made any statement to the police officer as to how the accident happened. They said he got only their names and addresses, because they were taken immediately into the Bovas residence and then on to the hospital for treatment of their injuries.
Mrs. Scruggs, Mrs. Moser and Mr. Scruggs, who stepped out of the Bovas’ front door into the yard immediately before the accident, estimated the speed of the McCraney Oldsmobile prior to its skid-ing at around 80 miles per hour. Little weight can be given such estimates, however, because none of these persons had more than a glimpse of the vehicle before the accident. Nevertheless, it is obvious that McCraney was traveling at a high rate of speed, because of the distance his car skidded before the impact.
Mrs. Scruggs sustained soft tissue injuries in the cervical and lumbosacral areas of her spine and also general bruises and contusions for which she received conservative treatment for approximately eight months. Patti Scruggs had only some irritation from being held tightly by Mrs. Moser and contusions.
Following argument of counsel, the trial judge’s charge and deliberations by the jury, a unanimous verdict was rendered against defendants, Mack H. McCraney and United States Fidelity & Guaranty Company, in favor of Mrs. Scruggs for $10,000.-00, Mr. Scruggs, individually, for $2,000.00 and as administrator of his daughter’s estate for $500.00. Mrs. McCraney, who was also joined as a defendant, was absolved of liability. In due course, a remittitur was entered, and judgment was rendered by the lower court in the amounts of $3,500.00 for Mrs. Scruggs and $549.45 for Mr. Scruggs, as head and master of the community, for the special damages. The award for the minor was entirely eliminated through the remittitur.
The defendants cast in the judgment have appealed suspensively. The plaintiffs have not appealed, nor have they answered the appeal. Consequently, the only questions with which this court is concerned are the liability vel non of the appellants and whether or not the damages awarded Mr. and Mrs. Scruggs are excessive.
The defendants have assigned three principal errors in the verdict and judgment. They contend that: first, the jury was unduly prejudiced by the personalities of the parties and therefore did not reach a fair result; second, the verdict was manifestly in error in failing to find Mrs. Scruggs guilty of contributory negligence in making a left turn in the path of the overtaking car; and third, the amount of the award to Mrs. Scruggs for personal injuries was grossly excessive.
In regard to appellants’ first contention, suffice it to say that we have carefully reviewed the transcript of testimony and the record and find no indication of prejudice on the part of the jury in this case or anything that might give rise thereto. It is true the jury awards were excessive in view of the evidence presented. However, we do not believe that the jury’s error in these respects resulted from prejudice as no basis therefor appears in the record.
The second and third assignments of errors largely involve questions of fact. Applicable therefore is the well established rule that the findings of fact of the jury or the trial judge, particularly those involving credibility of witnesses, are entitled to great weight and will not be disturbed on appeal unless clearly in error. Orlando v. Polito, 228 La. 846, 84 So.2d 433; Hoyt v. Holsum Cab Company, 217 So.2d 198 (La.App. 1 Cir. 1968); and Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127.
*265 In this case the jury was required to determine whether or not this accident was caused by Mrs. Scruggs making a left turn into the passing lane at the time her automobile was being overtaken by the McCraney vehicle. In doing so, it was necessary for them to resolve the conflict between Mr. McCraney’s version of the accident and that of Mrs. Scruggs and her sister, taking into consideration all prior inconsistent statements made by the parties, their manner and demeanor on the stand, their interest in the outcome of the suit and the other factors pointed out by the trial judge in his instruction in regard to the credibility of witnesses and the weight to be given their testimony.
Evidently, they accepted Mrs. Scruggs’ version of how the accident occurred — i. e., her automobile was struck in the rear after she had signalled her intention to make a left turn and had come to a proper stop in her right traffic lane— and concluded the sole proximate cause of the accident was negligence on the part of Mr. McCraney in driving at an excessive speed and failing to maintain proper control of his automobile. We certainly cannot say that the jury was manifestly in error in this respect. We therefore conclude that the judgment of the lower court is correct insofar as it imposes liability on appellants for the damages sustained by Mrs. Scruggs and her husband.
Turning now to the question of quantum, appellants’ third contention of error we quote from Lomenick v. Schoeffler, supra:
“ * * * This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of the discretion vested in the lower court.” (200 So.2d 127, at page 132.) (Emphasis supplied by this court.)
The award to Mrs. Scruggs for her pain, suffering and temporary disability appears to be slightly higher than the amounts generally awarded for somewhat similar injuries, particularly in view of the testimony of the orthopedist, Dr. O. L. Pollinque, who did not feel that any specific treatment was indicated, although she was still sore, when he last saw her on September 8, 1967. However, she continued with the conservative treatment prescribed for her complaints of pain and numbness by the general practitioner, Dr. Philip R. La-Nasa, until he discharged her on April 3, 1968. The opinion of this physician that she was still in need of treatment, at least until January 8, 1968, was confirmed by the neurosurgeon, Dr. Raeburn Llewellyn, when he saw her on that date. We cannot say that there was a clear abuse of discretion on the part of the trial judge in awarding Mrs. Scruggs $3500.00 for her personal injuries under these circumstances. Nor does it appear that he was manifestly in error in concluding that the treatment prescribed by Dr. LaNasa was necessary and awarding Mr. Scruggs $549.45 for the special ,damages incurred as a result of the accident.
We find no error in the trial judge’s refusal to give verbatim all of the instructions requested by the defendants or in the charge that he gave regarding collisions between overtaking vehicles and left turning motorists. In our opinion his charge to the jury amply covers the law on this subject.
For the foregoing reasons the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.