PICKETT, Judge.
This suit was instituted by N. D. Mc-Cann, d/b/a One Stop Auto Repair against Pearl George for a money judgment in the amount of $240.51 for automobile repair work. The plaintiff alleged that he repaired a 1958 White Buick Automobile owned by the defendant for which she owed him $240.51. Claiming a privilege under the provisions of LSA-R.S. 9:4501 for the repair work alleged to have been performed by him, the plaintiff caused a writ of sequestration to issue and seized the defendant’s automobile. The defendant answered and denied any indebtedness to the plaintiff; and reconvened and alleged that the writ of sequestration was unlawfully obtained and that it should be dissolved because the repair work alleged to have been performed, was never performed. In her reconventional demand, the defendant sought damages for the wrongful issuance of the writ of sequestration in the sum of $500 for the loss of the use of the sequestered automobile; the sum of $1,000 for inconvenience, difficulties, embarrassment, and humiliation; and the further sum of $750 for Attorneys’ fees. After the case was tried, the Trial Judge dismissed plaintiff’s suit at his costs, and awarded the defendant $250 for damages, and $200 for Attorneys’ fees. The plaintiff has appealed suspensively from that judgment.
The real issues before the court is whether the plaintiff made the repairs to defendant’s automobile as alleged by him. If he made the repairs he was entitled to the writ of sequestration; but if he did not make the repairs, he was not entitled to the writ of sequestration. Special legislation has been enacted granting the repairman a privilege on the automobile repaired by him if he is not paid by the owner of the vehicle. He has a period of ninety (90) days from the last day on which parts and work was performed within which to assert his privilege under the provisions of LSA-R.S. 9:4501, which in part provides:
“Any person operating a garage or other place where automobiles or other machinery are repaired, or parts therefor are made or furnished, has a privilege upon the automobile or other machinery for the cost of repairs made, parts made or furnished, and labor performed. This privilege is effective for a period of ninety days from the last day on which the repairs were made, or parts made or furnished, or the labor performed. For the purposes of this section, it is immaterial where the automobile or other machinery may have been located at the time or by whom the parts may have been attached.
This privilege may be enforced by the writ of sequestration, without the repairman having to furnish security therefor.”
The testimony adduced in the trial of this case was not taken down by a court reporter. The attorneys for the litigants have filed a stipulation as to the testimony adduced in the trial of the case in lieu of a transcript.
*199 The stipulation of facts filed by counsel discloses that defendant delivered her 1958 White Buick automobile to the plaintiff sometime prior to August 11, 1968, in order to have certain repair work done thereon. On August 11, 1968, the defendant picked up the automobile, but she testified that the repair work had not been done. She returned the vehicle to the plaintiff to make the repairs and again picked up the vehicle on August 13, 1968, but the repairs were still not made. She later returned the automobile to the plaintiff to have the repairs made and picked it up on August 16, 1968, when she found the repairs had not been made. She again left the vehicle with the plaintiff to make the repairs. The automobile was delivered to defendant the last time on August 22, 1968, and the defendant said the repairs still had not been made; and that the automobile stopped running within minutes after leaving the plaintiff’s repair shop. She attempted to return the vehicle to plaintiff’s repair shop' but he refused to take it back.
On the other hand, the plaintiff testified that he had made the necessary repairs to the automobile as disclosed by Exhibit P-1 and P-2 which were filed in evidence, and which are in the record. These exhibits, which were sworn to, disclose that plaintiff made a total charge of $240.51 for labor and parts furnished on the automobile. The plaintiff further supported his claim by introducing the evidence of Edward Barber, one of his mechanics, who testified that the labor and parts were put on the defendant’s automobile as shown by plaintiff’s exhibit P-2. The plaintiff, also, introduced in evidence the testimony of Charlie Anderson, one of his employees who testified that he did the tune-up work on the vehicle; and he identified the above mentioned exhibits as reflecting the work performed and the parts placed on defendant’s automobile. He further stated that the vehicle was operating properly on each of the occasions the automobile was picked up by the defendant or her agents.
The Trial Judge in his written reasons for judgment, analyzed the evidence and summarized his conclusion as follows:
“In this case there was a very serious dispute between the parties, freely admitted to by both, over the repairs which were allegedly made by plaintiff to defendant’s Buick. The automobile would not operate properly after being left in the shop and would stop operating shortly after leaving the shop. The deputy constable who made the seizure testified that the automobile was not in proper operating condition. Plaintiff testified that he gave a 90 day guarantee on all work done by him. Plaintiff delivered the automobile to defendant on August 22, 1968 and then, even though he was apprised of the fact that .the car still was not operating properly, filed suit and had the automobile sequestered on August 29, 1968. The Court is convinced that if any repairs were made, same did not correct the problem with the automobile because it still would not run on August 22, 1968.
“Under the facts of this case the Court feels that plaintiff was premature in having the automobile sequestered. He knew that a dispute existed over the alleged repairs. He knew that he gave a 90 day guarantee on his work, but regardless of that fact, filed suit and had the automobile sequestered within a week after it had last come from the shop.”
Applicable here is the well established jurisprudence of this state that the findings of fact by the trial court are entitled to great weight on appeal. This principle is particularly true in this case where the credibility of at least some of the witnesses is involved. In Orlando v. Polito, 228 La. 846, 84 So.2d 433, the Supreme Court said:
“It is well settled that the trial judge’s findings on question of fact, and particularly on questions involving the credibility of witnesses who testified before him, are entitled to great weight on appeal and will not be disturbed un *200 less clearly erroneous. Williams v. Louisiana Ry. & Nav. Co., 121 La. 438, 46 So. 528; Barnes v. LeBlanc, 207 La. 989, 22 So.2d 404; Plunkett v. United Elec. Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437.”
After a careful examination of the entire record in this case, we find no manifest error in the judgment of the Trial Court.
For the reasons herein set out, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.