PICKETT, Judge.
This is a tort action in which plaintiff, individually and on behalf of her minor son, Ronald Ray Smith, instituted this action against defendants, Ferdinand C. Roy, Jr., and his wife, Mrs. Ferdinand C. Roy, Jr., and their insurer, the Federal Insurance Company, for damages arising from an attack on her minor son, Ronald Ray Smith, by a dog allegedly owned by the defendants. The defendants in their answer denied liability. After a trial on the merits, a judgment was rendered in favor of the defendants. From this judgment, the plaintiff has appealed.
Ronald Ray Smith testified that as he and a friend were passing the home of defendants in the 1800 Block of Oregon Street in the City of Baton Rouge, Louisiana, on December 25, 1965, they were *588 chased by two dogs. The boys were riding bicycles when they were chased. One of the dogs, a black and white dog, jumped up on him and knocked him off his bicycle, and injured his face and one eye. He said he had passed the same way many times and that he had seen the same dog in the yard at other times, and that it had chased him on another occasion. After the dog had knocked him off the bicycle, he said Mrs. Roy came out and picked up the dog and carried it in her house. Dorothy Simpson testified to substantially the same facts as those related by Ronald Ray Smith. She said the same dog had chased her before the occurrence of this accident, and that she had run it away with a stick. She said the dog ran the road, and that she had seen the dog loose at least five times. Elston York, who was six years old at the time of this accident, testified that as he and Ronald Ray Smith were riding on Oregon Street, two dogs chased them, and that one of the dogs jumped up on Ronald’s pants leg, and that he fell off the bicycle. He said it was the black and white dog that jumped up on Ronald.
The defendant, Mrs. Roy, said that she did not see the accident; but that she happened to look out, and saw the two children on the ground. They were partially on and off their bicycles at the time she saw them. She said they have a black and white dog, a Boston Bull terrier. But that at the time this accident happened, her dog was in the house. She testified very positively to this fact. When she was informed that one of the children was injured, she sent some ice in a cloth to put on the injured part. Mrs. Roy was very firm in her testimony that her dog was closely supervised; and that it was never permitted to run at large. When the dog was permitted to leave the house, it was either on a leash, or was accompanied by some member of her family. Mrs. Roy’s testimony is supported by the testimony of Vince Vicaro, who, at that time, lived across the street from the defendants. He said he saw three dogs chasing the children on Oregon Street the morning of the accident. As he looked out of his window, he saw Ronald fall off his bicycle and hurt his eye. Mr. Vicaro said he knew the dog owned by the defendants, and that he was positive that neither of the dogs that were chasing the boys was the defendants’ dog. The defendant, Ferdinand Roy, said he was not at home at the time of the accident. He testified that his dog was well disciplined, and that so far as he knew had no vicious propensities.
No point would be served by a further review of the conflicting evidence offered by plaintiff and her witnesses, and that of the defendants. The plaintiff had the burden of proving by a preponderance of the evidence that defendants’ dog was the cause of the injuries sustained by plaintiff’s son, Ronald Ray Smith. Her evidence was to the effect that defendants’ dog was involved. The evidence submitted by the defendants was that their dog was in their house at the time of the accident and was not involved in the accident. In Howard v. Coyle, 163 La. 257, 111 So. 697, the court held that where testimony was flatly contradictory, the parties being equally credible, the court must reject the demands of the party having the burden of proof. In that case, the court said:
“This is flatly denied by Coyle, and, there being nothing to corroborate Howard, and assuming that the parties are of equal credibility and the burden of proof being on Howard, the statement must be regarded as not proven under the well-established rules of evidence.”
In East Carroll Grain Co-op Association v. Hardey, La.App., 152 So.2d 572, the court adhered to the above cited rule and said:
“Confronted with a case in which one of the parties testified ‘yes’ and the other party testified ‘no’, where there is no reflection upon the credibility of either, and where the surrounding circumstances fail to weight the scale in favor of one and against the other, a court has no *589 alternative except to reject the demands of the party upon whom rests the burden for their establishment.”
The findings of the trial judge are in keeping with the above cited rule. After a careful review of the record, it is the opinion of the court that the findings of the trial court are not manifestly erroneous. The rule is firmly established in our jurisprudence that, in the absence of manifest error, the trial judge or jury will not be reversed on questions of fact dependent upon the credibility of witnesses. In Orlando v. Polito, 228 La. 846, 84 So.2d 433, our Supreme Court said:
“It is well settled that the trial judge’s findings on question of fact, and particularly on questions involving the credibility of witnesses who testified before him, are entitled to great weight on appeal and will not be disturbed unless clearly erroneous. Williams v. Louisiana Ry. & Nav. Co., 121 La. 438, 46 So. 528; Barnes v. Le Blanc, 207 La. 989, 22 So. 2d 404; Plunkett v. United Elec. Service, 214 La. 145, 36 So.2d 704, 3 A.L.R. 2d 1437.”
For the foregoing reasons the judgment of the Trial Court is affirmed. All costs to be paid by plaintiff-appellant.
Affirmed.