PICKETT, Judge.
Freddie J. Guidry filed this suit against Amos J. Matherne, alias Jerry Matherne, for damages resulting from an automobile accident which occurred at the intersection of East Park Avenue and New Orleans Boulevard in the City of Houma, Terre-bonne Parish, Louisiana, on February 19, 1968, at about 4:30 o’clock P.M. By answer and reconventional demand the defendant denied liability, and affirmatively alleged that the accident was caused solely by the negligence of the plaintiff. For oral reasons, the trial judge rendered judgment in favor of the plaintiff in the sum of $20.00 for personal injuries and $325.79 for property damages to plaintiff’s automobile. The defendant has appealed.
The evidence shows that the New Orleans Boulevard extends in a generally *47 North to South direction, and intersects East Park Avenue which runs in a generally East to West direction. New Orleans Boulevard is a four lane street with a neutral ground, approximately 50 feet wide down the center. East Park Avenue is a two lane street. Both streets in the area of the intersection are level and straight. Traffic at the intersection is governed by traffic lights.
The appellee testified that he was second in a line of four vehicles in the inner south bound traffic lane of New Orleans Boulevard. All of the vehicles stopped momentarily for a red traffic light at the aforesaid intersection. The green arrow for a left turn came on and the vehicle, a pickup truck, ahead of him turned left. He turned left following the pick-up truck. The pick-up truck crossed the neutral ground and the north bound lanes of the New Orleans Boulevard, and that as he followed the pick-up truck, he had crossed the neutral ground, and was entering the outside north bound traffic lane of New Orleans Boulevard, when appellant’s automobile struck the right front of his vehicle. The appellee said there was a woman driver in the vehicle immediately behind him; and that she, also, turned left and followed him until he was involved in the collision. The fourth vehicle was occupied by Mr. Irving Melancon who, likewise, turned left. Mr. Melancon testified, and his testimony is substantially the same as that of the ap-pellee, and corroborates the testimony of the appellee in all pertinent particulars.
The appellant, on the other hand, testified that he was traveling north in the outside traffic lane of New Orleans Boulevard at about 20 miles per hour, and as he approached the intersection, he slowed down, but the traffic light turned green for him and he continued on into the intersection where he collided with the appel-lee’s vehicle. He said he did not see the appellee’s vehicle until he hit it. The appellant admitted that he applied his brakes as a matter of precaution as he approached the intersection, but he doubted that he applied them enough to skid. He said his vehicle struck the right front of plaintiff’s vehicle. The two vehicles came to rest a few feet apart. His automobile was headed north in the same lane that he was traveling in, and it stopped in the north lane of East Park Street.
Sergeant Jack Roy Smith, a member of the Police Department of the City of Hou-ma, investigated the accident that forms the basis of this litigation. When he arrived at the scene of the accident, he found the two vehicles that were involved, in the northeast corner of the intersection. He found thirty-three feet of skid marks leading up to where the appellant’s vehicle was resting. He thought the skid marks were by appellant’s car. He found that the right front of the appellee’s automobile had been damaged. Sgt. Smith checked the timing of the traffic lights at the intersection. He said when the green arrow that controlled the left turn lane in which appellee made his left turn changed to red, the next light that turned green was the light that controlled the east bound traffic on East Park Avenue. The next light to turn green is the light that controls west bound traffic on East Park Avenue. Then the light that controls north bound traffic on New Orleans Boulevard, which is the lane of traffic in which the car was situated, turned green. Therefore, a considerable time elapsed between the time that the green light went off on the south bound traffic lane of New Orleans Boulevard and the green light came on for the north bound traffic lanes of the same street.
The trial judge found that the collision was caused by the negligence of the appellant. After a careful examination of all the evidence, we have concluded that the evidence fully supports the following finding of the trial court:
“All factors considered, the positive testimony of the plaintiff with reference to the fact that the green arrow went on while he was stopped in the line of traffic, the testimony of the officer with *48 reference to the sequence of the lights, the fact that all of the vehicles did in fact begin to go past the intersection and make a left hand turn, convinces this Court that at the time the Defendant (sic) (plaintiff) commenced to make his turn, or shortly before the time the Defendant (sic) (plaintiff) commenced to make his left hand turn past the intersection that the. left turn arrow had gone on and that he, therefore, had the signal in his favor, which leads to the inescapable conclusion that the light facing the Defendant in the North bound lane of traffic on New Orleans Boulevard must have been red at the time because the only time consumed between the time that the light changed and the time of the collision was the time it took the pick-up truck and the Plaintiff’s automobile to make a left hand turn and travel, in substance the width of the neutral ground, which is approximately 40 to 50 feet.”
This is solely a factual matter as to whether or not the appellant had a green light when he approached and entered the intersection. It is well settled in the jurisprudence of this State that the finding of the trial judge on questions of fact should not be disturbed unless manifestly erroneous. This is particularly true in evaluating the credibility of witnesses. In Orlando v. Polito, 228 La. 846, 84 So.2d 433, our Supreme Court said:
“It is well settled, that the trial judge’s findings on question of fact, and particularly on questions involving the credibility of witnesses who testified before him, are entitled to great weight on appeal and will not be disturbed unless clearly erroneous. Williams v. Louisiana Ry. & Nav. Co., 121 La. 438, 46 So. 528; Barnes v. Le Blanc, 207 La. 989, 22 So.2d 404; Plunkett v. United Elec. Service, 214 La. 145, 36 So.2d 704, 3 A. L.R.2d 1437.”
The next issue is the quantum of damages. The trial judge awarded $345.79 to plaintiff. The sum of $325.79 was for damages to plaintiff’s automobile; $20.00 for personal injuries. The trial judge based his award for damages to the automobile on the estimate made by Mr. Paul W. Nunez. Although the trial court found that plaintiff had been shaken up, and that he sustained some injury to his arm, he lost no time from his work. After considering all of the evidence on the matter of damages, we do not think the trial judge has abused the great discretion given him as to the amount of damages.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the defendant-appellant.
Affirmed.