BOUTALL, Judge.
Mrs. Marie Brown, wife of/and Stanley Bishop and Capri Construction Company, Inc., filed suit against Landry L. Ducote to recover $3954.27 which represented the amount of the principal and interest on a certain promissory note made by Mrs. Marie Brown Bishop in favor of the Hibernia National Bank, which note she was required to pay, allegedly for the defendant Landry L. Ducote for whose convenience the note was made. The defendant filed an answer denying the allegations of the petition. The trial court rendered judgment in favor of plaintiffs Marie Brown Bishop and Stanley Bishop in the sum of $3200.00, less a credit of $65.91. From this judgment the defendant prosecutes this appeal, and the plaintiffs have answered the appeal requesting that the amount of the judgment be increased to the original amount claimed, $3954.27.
Certain of the facts are not in dispute. Prior to June 30, 1962, Mrs. Marie Bishop was the owner of 6400 Leslie Street, Jefferson Parish, Louisiana, having acquired the property as a partial payment on a building contract executed for some third parties in the business of Capri Construction Company. Mrs. Bishop is the sole *180 stockholder of Capri. On June 30, 1962, it was decided that the property would be sold to Landry Ducote, who was a salesman and supervisor for Capri, in consideration of an outstanding balance owed Du-cote at that time by Capri. A counterletter was executed, which was dated back to the original time of acquisition, in which Mrs. Bishop acknowledged that Landry Ducote was the true owner and that the property was in her name for convenience only. Following that, on August 19, 1963, she executed an act of relinquishment, which further transferred title to Landry Ducote. Neither of these documents were recorded.
In January, 1965, while the property still stood in the name of Marie Bishop, the defendant Landry Ducote determined that he wished to place an addition or improvement on the property by enclosing a carport, and consulted with Mrs. Bishop for the construction to be done by Capri. In accordance with an arrangement between them, (the terms of the arrangement are in dispute between the parties), Marie Bishop made a credit application for a property improvement loan at the Hibernia National Bank in the early part of January, 1965. The credit application was accompanied by a contract for the improvement on a Capri Construction Company, Inc., contract form naming the owner as Marie B. Bishop and outlining the kind of work to be done. The contract placed the value of the work at $3200.00 and was signed by the defendant Landry Ducote as agent for Capri. The credit application and the Capri contract were both prepared by Ducote. The loan was approved by the Hibernia National Bank and a note in the sum of $3954.27, signed by Marie Bishop, was drawn in favor of the Hibernia National Bank, the note representing $3200.00 principal and the rest interest, payable at a monthly rate of $65.91 over a period of five years.
The $3200.00 which was obtained from the note was placed in the account of Capri Construction Company, Inc., at that time and construction of the addition or improvement to the Leslie Street property began. The addition was completed within a short time, and was in accordance with the provisions of the contract between the parties, except for a change to brick siding.
The issue between the parties arises out of the purpose of the loan in question. The plaintiff alleges that the loan with the Hibernia Bank was made simply for the purpose of paying for the construction of the improvements for Landry Ducote, and that it was agreed between Ducote and Mrs. Bishop that she would pay the loan for Ducote’s account and that Ducote would pay her back. As opposed to this, Ducote urges that the loan was made not for his purposes, but instead to assist the financial needs of Capri Construction Company by providing additional capital, and that he was to pay for the improvements by deductions from his drawing account with Capri Construction Company. Basically, this issue finally comes down to a question of the credibility of the parties, as there is an irreconcilable conflict between the testimony of Mrs. Bishop and Mr. Ducote.
As noted above, defendant did not file any affirmative defenses as required by LSA-C.C.P. art. 1005, but simply denied plaintiff’s allegations. He asserts that plaintiff has not borne the burden of proving her claim by one credible witness and other corroborating circumstances. LSA-C.C. art. 2277.
Mrs. Bishop offered the testimony of herself and of Ted Lajaune of the Hibernia National Bank, as well as numerous documents. Her testimony as to the legal status of the property at 6400 Leslie Street is amply supported by the counterletter, act of relinquishment, and act of sale and assumption from her to Mr. Ducote (and is in fact admitted). This necessitated applying for the loan in her name and signing the note, also supported by the pertinent documents. This supports the origin of the obligation. Consideration is supported *181 by the following facts. The construction contract was placed in evidence, and the price coincides with the loan. Additionally, the work was done immediately after the loan was obtained, as shown by the invoices of material, and as admitted by Mr. Ducote. Indeed, Mr. Ducote even admits that he made no payments whatsoever on the loan itself, or in reimbursement of Mrs. Bishop’s payments on the loan, thus supporting non-payment. Certainly these constitute sufficient corroborating circumstances.
We are thus brought to the narrow point of the conflict in the testimony of the parties as to who in fact was to bear final payment of the loan. Legally, of course, Mrs. Bishop was required to pay the note to the Hibernia National Bank and the evidence shows that she did so. If her testimony is to be believed, Mr. Ducote is required to reimburse her. If his testimony is to be believed, he has undertaken no such obligation.
It is well settled that the trial judge’s findings on question of fact, and particularly on questions involving the credibility of witnesses who testified before him, are entitled to great weight on appeal and will not be disturbed unless clearly erroneous. Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955).
The trial judge obviously did not believe Mr. Ducote’s testimony as his findings are completely at odds with Ducote’s version of the transactions between the parties. He found that the value of the improvements was $3200.00 despite Ducote’s testimony that it was only about $2100.00. He found that no payments in the form of deductions or withdrawals from Ducote’s drawing account were made, again contrary to Ducote’s testimony, stating that he could not “accept in total the defendant’s contention”. The trial judge further found that “this loan was in fact negotiated by or with the active participation of Mr. Ducote at the time. And as a result of this loan an improvement or structure was placed on his property”. (Oral reasons tr. 193).
An examination of the record convinces us that the trial judge was correct in his consideration of Ducote’s credibility.
The record clearly shows that these two parties enjoyed a close relationship and the business transacted between them was not conducted along strict business rules. Mr. Ducote was more than a salesman or supervisor, he actually ran the company business at times. The parties passed each others’ checks back and forth between their several bank accounts to cover overdrafts. Mr. Ducote had a drawing account from which he drew $100.00 weekly, regardless of the status of the account. The evidence shows that although the account was supposed to be balanced after certain construction jobs were finished and Du-cote’s fees credited, that, except for the period of time prior to June 1962, the account was always overdrawn, usually by several thousand dollars. The parties enjoyed unusual freedom in their mutual dealings until July and August of 1967, when Mrs. Bishop discovered that Mr. Du-cote was undertaking construction contracts for his own account and their relationship was ended.
It is obvious from the documents offered, as well as the testimony of both parties that this relationship served as the basis for the informal nature of the transactions between the parties, and it offers an explanation of why Mrs. Bishop transferred title to the property in August of 1966 without demanding payment, as well as an explanation to the issuance of the only check for a monthly payment by Mr. Ducote in August of 1967. (The bank records indicate this check of $65.91 plus a check of $5.00 were returned because of overdrawing the account.) The fact of issuance of this check corroborates Mrs. Bishop’s testimony that the debt was not liquidated out of the drawing account, and we note that the monthly payments at this time still had some 2% years to run.
*182 The issues in this case do not lend themselves to complete proof because the records relating to Mr. Ducote’s account are missing. We conclude that there is ample reason to believe the testimony of Mrs. Bishop and that she has borne the burden of proof by a preponderance of the evidence, which is all that is necessary.
We find no manifest error in the judgment of the trial court on this issue and we must affirm it. We do however believe that the judgment must be amended at to quantum.
The trial judge rendered judgment for $3200.00 basing the amount of the judgment on the value of the improvements as fixed in the construction contract between the parties, i. e., $3200.00. The basis of the suit, however, is not simply recovery on the contract, but upon the reimbursement of Mrs. Bishop for payment of the note of $3,954.27 ($3200.00 plus included interest). She has answered this appeal asking for the larger amount. The evidence clearly shows that she paid this amount (and in fact this is admitted by Mr. Ducote), except for reimbursement of one payment of $65.91 for which credit was granted by the trial court. The judgment should be amended to award her the sum of $3,954.27, less a credit of $65.91, and, as thus amended, should be affirmed.
Appellant to pay all costs of this appeal.
Amended and affirmed.