301 So.2d 886 (1974)
Charles E. IVERSON
v.
JAHNCKE SERVICES, INCORPORATED, et al.
No. 6042.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
Rehearings Denied November 7, 1974.
Writ Refused December 13, 1974.
*887 Tucker & Schonekas, Charles A. O'Niell, Jr., New Orleans, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Francis G. Weller, New Orleans, for defendants-appellees.
Before GULOTTA, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
The plaintiff, Charles E. Iverson, appeals from a judgment rendered on a jury verdict which found him contributorily negligent barring his recovery for injuries sustained when the motorcycle he was operating was struck by an El Camino truck driven by the defendant, Roland Landry. Plaintiff's major contention on appeal is that the jury erred in finding contributory negligence, and in the alternative, the judge erred in refusing to give five requested specific charges to the jury. The negligence of the defendant is undisputed by either party.
The accident occurred on July 5, 1971 at 8:30 A.M., in front of the Maison Blanche Tire Center on Frenchmen Street beyond the intersection of Frenchmen and Senate Streets. The plaintiff was proceeding on Frenchmen toward the Mississippi River. He testified that he approached the intersection with caution, downshifted his gears, and continued in the same direction at a reduced speed. Just beyond the intersection at the Tire Center, the defendant was in the process of backing his truck into the street in order to enter one of the stalls at the Center. No dispute exists that a few seconds before the accident, the defendant's truck was either stopped or stalled just at the curb. As Iverson proceeded directly behind the truck, Landry restarted the engine and backed out into Frenchmen Street where the plaintiff's motorcycle and defendant's truck collided. As a result of the collision, plaintiff sustained severe injuries to his right leg.
We find no manifest error in the jury finding of contributory negligence. The Louisiana Constitution, 1921, Art. VII, Section 29 grants appellate courts the jurisdiction to review the facts as well as the law. This review power, however, is tempered by the manifest error rule, and an appellate court will not upset the finding of fact of a lower court unless contrary to the law and the evidence.
Jury findings of fact should also be affirmed unless characterized by manifest error. Twentieth Century-Fox Distributing Corp. v. Lakeside Theatres, Inc., 267 So.2d 225 (La.App.4th Cir. 1972); Scruggs v. McCraney, 234 So.2d 262 (La.App.4th Cir. 1970); Roussell v. Strug, 225 So.2d 34 (La.App.4th Cir. 1969). A jury *888 verdict is to be given great weight and we are disinclined to upset the jury's findings except in the most compelling and clearest case of error and to prevent the ultimate miscarriage of justice from ensuing. The jury verdict here does not come within the parameters of that exception. An appellate court cannot reverse simply because a jury of different men, or they themselves, might have reached a different conclusion. As held in Canter v. Koehring Co., 283 So.2d 716, 724 (La.App.1973):
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
Whenever the defense of contributory negligence is pleaded, it is incumbent upon the party pleading it to prove it by a preponderance of the evidence. Boure v. New Orleans Public Service, Inc., 255 So.2d 776 (La.App.4th Cir. 1971).
Iverson testified that he saw the truck back up and stop at the curb which should have at least put him on notice that the truck was in the process of backing up. Iverson also testified that he had driven an El Camino truck, and knew that "blind spots" existed which made it difficult to see when backing up. In spite of the foregoing, Iverson took no precautionary measures whatsoever. He chose instead to travel directly behind the truck at a distance of 8-10 feet, despite the fact that he testified that the other lane of traffic was completely free of other vehicles, that he had a full view down Frenchmen Street. Some evidence was also presented that perhaps Iverson failed to take any precautionary measures, because he was worried about a taxicab following close behind him, and not paying attention. Sufficient evidence exists to support the jury's finding of contributory negligence.
We also find no merit in the appellant's contention that the judge erred in refusing to give the five requested specific charges to the jury. The record reveals that the judge fully instructed the jury as to the law on negligence, contributory negligence, and imminent peril doctrine as he was required to do by LSA-C.C.P. Arts. 1791, 1792. Furthermore, the trial judge properly denied the requested instructions because they do not appear to have been totally true, and would have misled the jury.
The judgment of the District Court is affirmed.
Affirmed.
SCHOTT, Judge (dissenting).
This case was tried to a jury which returned special verdicts finding that defendant, Landry, was guilty of negligence and that plaintiff, Iverson, was likewise guilty of negligence. Once defendant was found guilty of negligence the burden was upon defendant to prove plaintiff guilty of contributory negligence in order to support the special defense made by defendants. In my opinion, defendants offered no proof whatsoever to support the plea of contributory negligence and a reversal is warranted on that basis.
No witness saw plaintiff before impact. His testimony stands alone as to what transpired from the time defendant's truck *889 stopped and the time of the accident itself. Plaintiff's testimony is that he saw the truck stop and proceeded onward, which he had a right to do since he was traveling along in the roadway and defendant was exiting from a driveway. According to plaintiff when the truck started up it was too late for him to avoid a collision, testimony uncontradicted by anyone.
The majority infers negligence on plaintiff's part from the fact that he saw the truck back up and stop at the curb "which should have at least put him on notice that the truck was in the process of backing up." They also attach significance to plaintiff's testimony that he was familiar with the type of vehicle defendant was driving and knew that there were blind spots for the driver. They charge plaintiff with failing to take precautionary measures despite these facts. They find his dereliction consisted in his traveling behind the truck at a distance of 8 to 10 feet despite the fact that the on-coming lane of traffic was free of vehicles.
I do not find that plaintiff violated any duty under these circumstances. Confronted by a truck which had stopped while in the process of exiting from a driveway, he had a right to assume that that truck would yield the right-of-way to him as he proceeded along the street. He was under no duty to stop and yield the right-of-way to defendant's vehicle. Had defendant not come to a stop plaintiff would have been guilty of negligence in proceeding into the moving truck, but defendant by his own action in stopping lulled plaintiff into the sense of security that defendant would remain stopped until plaintiff passed.
Plaintiff has specified error in the trial judge's failure to provide the jury with the following instruction:
"I charge you, gentlemen of the jury, that a motorcycle when traveling within permissible speed limits, being attentive to the road ahead and observing a truck at the side of the highway, may reasonably conclude that the truck driver will accord him the right-of-way to which he is entitled."
In my opinion this instruction was appropriate and should have been given either in the form requested or in some manner similar thereto. In any event, plaintiff was entitled to presume that defendant would yield the right-of-way to him, or stated differently to indulge in the presumption that defendant would obey the law and yield to him. Had such an instruction been given the jury might have reached a correct result. But since there is no evidence of any negligence on plaintiff's part I would not remand the case for a new trial but would on the record render a judgment in favor of plaintiff for the damages he sustained in this accident.
I respectfully dissent.