SCHOTT, Judge.
This case arose out of a collision between an automobile operated by Ricky Bundy and occupied by his mother, Gladys Bundy, and an automobile operated by Mona Mosby. Gladys Bundy and Mona Mosby both died as a result of the accident. The case was tried to a jury with the result that the main demands of Ricky Bundy for his injuries and of the husband and children of Gladys Bundy for her wrongful death were dismissed while the reconventional demand by Dr. William H. Mosby for the wrongful death of his daughter Mona was maintained and a judgment recovered by him for $70,000. The Bundys have appealed from that judgment.
As we said in Iverson v. Jahncke Services, Inc., 301 So.2d 886 (La.App. 4th Cir. 1974), jury findings of fact should be affirmed unless characterized by manifest error and should not be upset except in the most compelling and clearest case of error. Applying these principles to the Bundys’ main demand we affirm. However, in the discharge of our constitutional duty to review the law and facts, Constitution of *169 1974, Art. 5, § 10(B)', we are obliged to reverse a jury verdict in support of which there is no evidence. Having concluded that such situation exists with respect to Dr. Mosby’s judgment on the reconventional demand we reverse.
The following facts are established without contradiction: The accident occurred about 7:00 PM on October 17, 1972, on Louisiana Highway 45 between Marrero and Lafitte. At the scene of the accident the road, straight and running north and south, consisted of two lanes divided by a painted stripe. It was eighteen feet wide with built up shoulders on each side approximately nine feet wide. The speed limit was 60 miles per hour. At the time of the accident there were no adverse weather conditions and the area was in darkness. It was a rural area with no artificial lights in the vicinity. Ricky Bundy had been traveling north and Mona Mosby had been traveling south prior to the accident. After the accident, to which there were no witnesses, both automobiles came to rest on the east (Bundy’s) side of the road. The Mosby vehicle was pointed in a south by southwest direction, its right front wheel was on the highway itself and the greater part of the automobile was resting on the shoulder. The Bundy automobile was farther off the highway pointing in the northeast direction with a distance of about 12 feet between its left front and the left rear of the Mosby automobile. Thus, each car at rest was facing generally in the same direction it was traveling prior to the collision. The damage to the Bundy automobile was concentrated on its left front, while the damage to the Mosby automobile was more on its right front. Parts of the Mosby automobile, including the motor, the transmission and the right side of the hood, were found on the west side of the highway.
Ricky Bundy could remember nothing about the accident except that he had been on his own side of the road when the Mos-by automobile came into his lane and collided with his automobile.
The investigating officer provided the information summarized above, and his testimony to that effect is corroborated by pictures taken of the vehicle and the highway at the scene on the night of the accident. Over the objection of counsel for Dr. Mosby he explained his theory of the accident as follows: The Mosby automobile came into the northbound lane of traffic, whereupon a collision ensued between the left front of the Bundy automobile and the right front of the Mosby automobile. Thereafter the Mosby automobile swung around in a counter clockwise direction and a second impact occurred between the vehicles on the right rear of the Mosby automobile and the left rear of the Bundy automobile. The Mosby automobile continued to spin around until it came to rest facing south by southwest on the east side of the road. In the meantime the parts of the automobile had been thrown to the west side of the road because of centrifugal force generated while the automobile was in the spin. The officer identified on pictures of the automobiles some minor damage to the rear sides in support of his theory, and he testified that while the debris was scattered all over the area there was a concentration of oil in the northbound lane. On cross examination, however, the officer admitted as possible the theory that the Bundy vehicle verred into the southbound lane occupied by the Mosby vehicle, that the latter veered to the left to avoid a collision with the Bundy vehicle, one ensued anyway and both vehicles came to rest in the position described.
The jury, given the case on interrogatories, answered no to the question, “Has it been proved that Mona Mosby was negligent in the operation of the automobile in this case ?” And answered yes to the question, “Has it been proved that Ricky *170 Bundy was negligent in the operation of the automobile operated by him in this case ?”
 From these answers it is immediately obvious that the jury did not accept the testimony of Ricky Bundy or the theory of the investigating officer as to how the accident occurred. This was the jury’s prerogative and will not be disturbed by us. But the problem is that once this positive evidence supporting the Bundy side of the case is rejected the record is left without direct or circumstantial evidence preponderating in support of either side. The fact that the Bundys failed to prove their case does not compel the conclusion that the preponderance of the evidence is in favor of Dr. Mosby.
Both automobiles came to rest on Bundy’s side of the road and while it can be speculated as above that the collision occurred because Bundy left his side of the road and entered the path of the oncoming Mosby automobile there is simply no evidence to support this theory. In the absence of witnesses or any physical evidence, such as- debris or skid marks, the theory constitutes speculation and nothing more. In no case can speculation provide a basis for a jury verdict.
Accordingly, the judgment in favor of the defendant and against the plaintiffs on the main demand is affirmed, but the judgment in favor of plaintiff in reconvention, Dr. William H. Mosby, and against defendants in reconvention, Forrest Bundy and Ricky Anthony Bundy, is reversed and there is judgment on the reconventional demand in favor of Forrest Bundy and Ricky Anthony Bundy, and against Dr. William H. Mosby, dismissing his reconventional demand. The costs in the trial court and on appeal are to be divided equally between the parties.
Affirmed in part, reversed in part, and rendered.