COLE, Judge.
The issue in this probate matter is whether or not the testatrix, Annie Bell Kennedy, was able to read.
The facts are as follows. On July 8,1974, Mrs. Kennedy confected a statutory will in the presence of a notary and two witnesses. See La.R.S. 9:2442. Therein she granted one-third of her estate (the disposable portion) to her minor granddaughter, Viola Maxine Burns, as an extra portion. The remainder of her estate was bequeathed to Viola Burns and the testatrix’s five children,[1] “share and share alike.” She further granted usufruct over her immovable property to Viola Burns for life and appointed her daughter Lillian Kennedy as tutrix of the minor.
Mrs. Kennedy died on June 15, 1980, and the legatees petitioned the court for a judgment of possession. The petition alleged the estate was relatively debt free so there was no need for an administration. A judgment of possession was rendered accordingly on August 25, 1980. On September 16, 1980, a petition was filed by Hester Johnson, Ethel Hamilton, Charlie Wooders,[2] Alb-ertha Rogers and James Kennedy for the purpose of annulling the probated testament and the judgment of possession. Named as defendant was Lillian Knighten, individually and as the tutrix of the minor, Viola Burns. The plaintiffs contended the testament was invalid because Mrs. Kennedy had not been able to read or write and therefore lacked the capacity to execute a statutory will. The plaintiffs asserted further they had not been notified of the previous succession proceedings and did not “accept the succession” as had been stated in the petition for the judgment of possession. Plaintiffs argued alternatively the usufruct placed upon the forced portion was an infringement on their legitime.
A trial was held and various witnesses testified concerning Mrs. Kennedy’s ability to read and write. Lillian Knighten testified she had seen her mother reading the bible, the newspaper and magazines. She said her mother made grocery lists and wrote down the phone numbers of people who called. She claimed her mother had written out certain obituary information which was later printed and handed out at the funeral, but she did not have the original copy to offer into evidence.
Viola Burns testified she had lived with her grandmother for all of her life and knew her to be able to write grocery lists, take phone numbers and had seen envelopes containing letters to some of her grandmother’s children. Although both witnesses stated Mrs. Kennedy could write, there was no documentary evidence introduced to prove this fact. Several legal documents were introduced, such as a social security card, an act of mortgage and an act of exchange. All contained the signature of Annie Bell Kennedy.
Mr. Joel Dickinson, counsel for defendant and notary for the contested will, testified Mrs. Kennedy had dictated the will to him, he had written it and then read it back to *78 her. He assumed she could read because she could sign her name.
The remaining witnesses (all children of the deceased), Hester Johnson, Albertha Rogers and James Kennedy, testified unequivocally their mother had had no education and had never been able to read or write. Hester Johnson said she taught her mother how to sign her name and would guide her mother’s hand while she did so.
The trial court rendered judgment in favor of plaintiffs, declared the will invalid and annulled the judgment of possession. The court noted at the time the will was confected (July 8, 1974) one who could not read and sign his name could not make dispositions by means of a “statutory win ”[3] Court concluded the evidence showed “beyond a reasonable doubt” that Annie Bell Kennedy did not have the capacity to execute a valid statutory will because she could not read. The court noted her ability to sign her name did not prove she could read and did not give her the capacity to execute a will under La.R.S. 9:2442.
Defendant applied for a new trial, alleging she had newly discovered written evidence which was important to the case and could not with due diligence have been obtained for trial. She also asserted a subpoena was timely requested and issued for Mrs. Francis J. Rowe, apparently a former employer of decedent, but it was not served and she did not appear for trial. A hearing was held and the new trial was denied. Defendant then filed this appeal.
Appellant contends the court erred in failing to grant the new trial and alternatively in rendering judgment in favor of plaintiffs when the evidence indicated Mrs. Kennedy was able to read and write.
As regards the denial of a new trial, the alleged newly discovered written evidence consisted of three documents signed by decedent and a writing purporting to be a will which was allegedly written and signed by decedent. The three signed documents are of no significance because they prove only decedent was able to sign her name, a matter which is not contested. The purported will, a writing that is largely illegible, may arguably be said to show decedent could read. One may, of course, raise the possibility she copied another writing without comprehending its meaning.
When the case was called for trial on October 27th the court inquired of counsel if they were ready. Counsel for defendant responded he was ready except for his witness, Mrs. Rowe, who he had subpoenaed on October 2nd but who had not been served by the sheriff and was, therefore, not present. The trial judge noted the pretrial conference was held on September 1st, more than a month before the subpoena was requested, and, stating he did not know at the moment what the court would do regarding her absence, said “... we’ll take that up later.” The case then proceeded to trial. Counsel for defendant did not comment further regarding the absence of Mrs. Rowe. Nor did he move to continue the proceedings until a later date or to have issued an instanter subpoena for Mrs. Rowe’s presence.
After the plaintiffs presented their ease and rested, the defendant presented her case and rested, but not subject to calling Mrs. Rowe. In fact, counsel for defendant did not even mention Mrs. Rowe. He obviously was content to rely upon the evidence already presented. After the plaintiffs presented rebuttal testimony the matter was submitted for decision. Here again, the defendant did not seek to hold the case open for the testimony of Mrs. Rowe. Under these circumstances, we conclude, as must have the trial judge, that defendant waived her right to have Mrs. Rowe testify at trial, and, her testimony obviously cannot be said to constitute newly discovered evidence for purposes of a new trial.
*79 It is well settled in order for a new trial to be granted on the basis of newly discovered evidence it must be shown the evidence was discovered after the trial and that the party used every effort and all diligence in his power to timely procure the evidence. Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955); LeBlanc v. Consolidated Aluminum Co., 401 So.2d 1082, 1083 (La.App. 3d Cir.1981), writ denied 1981. The motion for a new trial was argued[4] by counsel for plaintiffs and the trial judge denied the motion. We have no transcript of the proceedings but obviously the trial judge was not satisfied the defendants used “due diligence” in seeking the written evidence. We decline to disturb that finding of the trial court.
The evidence presented at trial was entirely subjective and was presented only by interested witnesses. On the one hand, defendant and Viola Burns both insisted Mrs. Kennedy could read and write but offered no written evidence as proof. The various exhibits containing her signature proved only that she was able to sign her name. We agree with the trial court the ability of Annie Bell Kennedy to sign her name does not prove she could read.
On the other hand, the defendants testified unequivocally Mrs. Kennedy had never been able to read or write. The only nonin-terested witness (Mrs. Dorothy Sommers, an employer of Mrs. Kennedy’s some thirty-five years prior to the trial) stated she had no knowledge of whether or not Mrs. Kennedy could read or write. Therefore, her testimony shed no light on the issue.
In summation, the evidence consisted of bald assertions by opposing and equally interested parties as to Mrs. Kennedy’s literacy. As an appellate court it is most difficult for us to judge the credibility of the witnesses simply by reading the cold record. The trial court is in a far superior position to make this judgment as it observes the demeanor of the witnesses. It is the trial court, rather than the appellate court, who can note first-hand the facial expressions, the tone of the voice, the posture and the innumerable other factors which are indicative of a person’s truthfulness as he testifies. For this reason, it has become well settled that unless manifest error is evident, the appellate court should not disturb the trial court’s reasonable evaluation of one set of witnesses as credible and its consequent rejection of the testimony of the opposing set of witnesses. Billiot v. Bourg, 338 So.2d 1148 (La.1976); Oncale v. Clement, 411 So.2d 543 (La.App. 1st Cir.1982). We find no manifest error in the trial court’s conclusion and therefore will not disturb its findings as to facts based upon credibility.
For these reasons, the judgment of the trial court is affirmed. Costs are to be paid by appellant.
AFFIRMED.

. The five children are Lillian Kennedy Knight-en, Albertha Kennedy Rogers, Ethel Kennedy Hamilton, Hester Kennedy Johnson and James Kennedy.

. Charlie Wooders is allegedly a son born of a prior marriage.

. At that time La.R.S. 9:2443 read as follows:
“Except as provided in R.S. 9:2442 with respect to a testator who is physically unable to sign his name, those who know not how or are not able to sign their names, and those who know not how or are not able to read, cannot make dispositions in the form of the will provided for in R.S. 9:2442, nor be attesting witnesses thereto.”

. Defendant’s counsel submitted the matter without oral argument.