488 So.2d 950 (1986)
AETNA INSURANCE COMPANY
v.
Robert NAQUIN, et al.
Mrs. Philip FICARRA, et al.
v.
Robert NAQUIN, et al.
No. 85-C-2322.
Supreme Court of Louisiana.
May 20, 1986.
Richard A. Tonry, Chalmette, for applicant.
Wade D. Rankin, New Orleans, Schafer & Schafer, New Orleans, for respondent.
*951 BLANCHE, Justice.
These consolidated cases arise out of an oral contract entered into on or about August 10, 1978, between Denis Ficarra and Robert Naquin d/b/a Bob's Roofing and Sheet Metal. Mr. Naquin was hired to perform repairs on the roof of a "four-plex" apartment building owned by Denis Ficarra and Mrs. Philip Ficarra. Due to Naquin's failure to complete the job in a timely fashion, or to take precautions to prevent damage during the repairs, the roof was unable to protect the building from a severe thunderstorm on August 20, 1978. As a result thereof, substantial damage was caused to the building itself and all of the apartments in the building as well as the personal property of the occupants. Ficarra chose not to institute suit for his own damages because Naquin assured him that restitution would be made. However, it appeared that Naquin was not going to honor the individual claims of the tenants. Accordingly, Mr. Ficarra contacted his insurance carrier, Aetna Insurance Company, which paid a total of $7,224.73 in settlement of the tenants' claims.
Subsequently, Aetna filed suit against Robert Naquin d/b/a Bob's Roofing and Sheet Metal seeking reimbursement for the funds paid to the tenants on behalf of the Ficarras. A second action was filed against the defendant by Denis Ficarra and Mrs. Philip Ficarra to recover the damages that they personally sustained. The defendant responded by filing exceptions to venue in both lawsuits. The exceptions were overruled by the trial court and no interlocutory appeal was taken.[1] After the denial of the exception, the defendant answered the lawsuits with general denials.
The two lawsuits were consolidated for trial. At the conclusion of a bench trial on the merits, the court found that the defendant had "breached his contractual duty to perform as a prudent contractor under all the circumstances." Judgment was rendered in favor of Denis Ficarra and Mrs. Philip Ficarra in the amount of $4,820.00 plus interest from the date of judgment. Judgment was also granted in favor of Aetna in the amount of $7,224.73 plus interest from the date of judgment.
The defendant appealed to the fifth circuit alleging two assignments of error. The court of appeal, 478 So.2d 1352, affirmed the trial court's findings. Naquin did not raise the issues of liability and quantum in the fifth circuit so those issues are now considered final. The applicant has raised the same two assignments in this Court as he did below and we granted writs to review the rulings of the lower courts.

I.
In his first assignment the applicant contends that the court of appeal erred in affirming the trial court's ruling on applicant's exception to venue. The petition was filed in the Parish of Jefferson alleging two theories of recovery, one in contract and one in tort. The defendant filed an exception of improper venue in which he contended that venue was improper because defendant resided in St. Tammany Parish and conducted business in St. Bernard Parish. Therefore, defendant argued, venue under the general rule of LSA-C. C.P. art. 42 would only be proper in one of those two parishes. The trial court overruled the exception reasoning that the negligent performance of a contract can give rise to either a contract or tort action. Venue is appropriate in either the parish where the contract action or the tort action could be brought providing the facts supporting the claims are interrelated. Hebert v. Myers, 449 So.2d 185 (La.App. 3rd Cir. 1984). The Louisiana Code of Civil Procedure, articles 71-85, provides exceptions to the general rule provided by LSA-C.C.P. art. 42. LSA-C.C.P. art. 74 allows an action *952 for an offense or quasi-offense to be brought where the wrongful conduct occurred, or in the parish where the damages were sustained. The trial court's ruling that Jefferson Parish was a proper venue is well founded.
The applicant argues, however, that this rule cannot be applied in the instant case because the tort claim had prescribed. This issue has not been timely raised. At no time during the pendency of the exception was this argument raised. A plea of prescription was an integral part of defendant's exception of improper venue, none the less, it was not raised in connection with the exception to venue. The first time prescription was mentioned was on a motion for directed verdict after the plaintiff had presented his case. Even at that time, prescription was not raised in the context of venue. Not until after the entire trial had been concluded did the defendant make written mention of prescription. A court may not notice prescription on its own. It must be pleaded. LSA-C.C. art. 3452. Exceptions "shall state with particularity the objections urged and the grounds thereof." LSA-C.C.P. art. 924. On the grounds urged before it, the trial court made the correct decision.
At that point we are of the opinion that it was too late for applicant to have complained of improper venue on the grounds that the tort claim prescribed. The erroneous overruling of an exception of improper venue should be appealed after the interlocutory judgment as that is the appropriate means of relief. Herlitz Construction Co. v. Hotel Investors, Inc., 396 So.2d 878 (La. 1981) (see, fn. 1, supra.) The rules of venue are designed to protect defendants from being unduly burdened by litigating a matter away from their domiciles. Petitioner cannot seriously urge that retrying the matter near home would be less of a burden having already tried the case elsewhere. Neither should the defendant expect a second opportunity to relitigate the case because of his failure to timely raise the issue. This assignment has no merit.

II.
By the second assignment of error the applicant argues that Aetna was not entitled to be legally subrogated to its insureds' claims. In connection with this assignment the applicant raises two arguments. First the argument is raised that Aetna cannot be validly subrogated to the Ficarras contract claim because payment under the insurance policy was made to the tenants and not the Ficarras. The payment to the tenants had the same effect as a direct payment to the landlord. To argue that there would be subrogation if Ficarro had been paid directly and then in turn paid the tenants, and no subrogation where the tenants are paid directly, is unduly technical. Further, an indirect payment such as this is authorized by the Civil Code in LSA-C.C. art. 2140 which states:
The payment must be made to the creditor, or to some person having a power from him to receive it, or who is authorized by a court, or by law, to receive it for him.
Payment made to a person, not having power to receive it for the creditor, is valid, if the creditor has ratified it, or has profited by it. LSA-C.C. art. 2140
The Ficarras profited from the payment made to the tenants on their behalf. Since they requested the payment we conclude they also ratified the payment. Therefore, the payment to the tenants had the same effect as if payment had been made directly to the Ficarras.
The second argument raised by the applicant is the more significant of the two and the reason writs were granted in this case. According to the Civil Code article that was in effect at the time this case arose providing for situations in which a third party discharges an obligation of another:[2]
An obligation may be discharged by any person concerned in it, such as a coobligor or a surety.
The obligation may even be discharged by a third person no way concerned in it, provided that person act in the name and for the discharge of the debtor, or that, if *953 he act in his own name, he be not subrogated to the rights of the creditor. LSA-C.C. art. 2134[3]
This article provides the general rule that though a person may pay the debt of another, he is not subrogated to the rights of the creditor if he acts in his own name. There are exceptions to this general rule provided in LSA-C.C. arts. 2160 and 2161. LSA-C.C. art. 2160 permits parties to contract for subrogation upon a payment. That article is not available to Aetna in this case because no evidence of a conventional subrogation was introduced. LSA-C.C. art. 2161 provides four specific exceptions in which legal subrogation will take place upon payment by a third person. LSA-C.C. art. 2161 provides that:
Subrogation takes place of right:
1. For the benefit of him who, being himself a creditor, pays another creditor, whose claim is preferable to his by reason of his privileges or mortgages.
2. For the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors, to whom this property was mortgaged.
3. For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it.

4. For the benefit of the beneficiary heir, who has paid with his own funds the debts of the succession. LSA-C.C. art. 2161 (Emphasis added.)[4]
The exception that specifically concerns us in this matter is LSA-C.C. art. 2161(3). Aetna will be subrogated if we find it was bound with or for Naquin and that Aetna had an interest in discharging the debt. Aetna was bound by contract to pay the debt; there is no question that they had an interest in discharging it.
The defendants argue that to be bound with or for Naquin, within the meaning of LSA-C.C. art. 2161(3), Aetna and Naquin must be solidary obligors. To support this proposition they cite the case of Pringle Associated Mortgage Corp. v. Eanes, 226 So.2d 502 (La.1969). This case does indeed state that, "[c]learly this language presupposes the existence of a solidary obligation. If no solidary obligation exists, subrogation does not take place." 226 So.2d at 515. A close reading of the case, however, reveals that the statement was obiter dictum. The court found that there was only one debtor and the payee could not be bound with or for others because no others were ever obligated. 226 So.2d at 516.
Several court of appeal opinions relied upon this statement in Pringle as authority for denying an insurer's claim to legal subrogation holding that an insurer and a tortfeasor are not solidary obligors. See, Courtney v. Harris, 355 So.2d 1039 (La. App. 4th Cir.1978); and Harris v. Huval Banking Co., 265 So.2d 783 (La.App. 3rd Cir.1972). Another line of cases has granted legal subrogation to insurers. See, Sentry Indemnity Co. v. Rester, 430 So.2d 1159 (La.App. 1st Cir.1983); and Volume Shoe Corp. v. Armato, 341 So.2d 611 (La. App. 2nd Cir.1977). The fifth circuit has joined the first and second circuits by granting Aetna subrogation against the defendant *954 in the present action. This writ was granted in order to end the inconsistency in results and to clarify an important legal issue.
A thorough and noteworthy examination of this issue conducted by Professor H. Alston Johnson can be found at 39 La.L. Rev. 675 (1979), in an article entitled "Legal Subrogation of Insurer to Insured's Rights Upon Payment of Claim." The article reviews the jurisprudence and the inconsistent results and makes a compelling argument that legal subrogation ought to be the rule in these situations.
There are several compelling reasons put forward by Professor Johnson which lead to the conclusion that legal subrogation is the more desirable and legally cohesive rule. First and foremost are the promptness and certainty of recovery guaranteed the victim. The victim will receive from the wrongdoer and his insurer the full amount of his damages. He will also receive this payment quickly from his insurer, especially if the insurer knows it will later be able to recover from the wrongdoer. If the insurer is able to be reimbursed for a loss caused by another's fault, this success will be reflected in lower premiums. Although the insured is paying for this quick and prompt coverage, the premium he pays ought to reflect the record of success of the insurer in casting this loss back on the wrongdoer when possible. To refuse to give the insurer a right to subrogation is to cast the loss on the insured class, rather than the person by whose fault the loss occurred. This undoubtedly has the effect of higher premiums on these types of insurance. Neither can the wrongdoer complain that he has not been accorded a reduction in the damages which he has caused. Society has an interest in requiring the wrongdoer to pay the full amount of damage he has caused if he is able.
The granting of subrogation is completely compatible with the whole of Louisiana law. The insurer is not a mere volunteer who has paid the debt. Therefore he should not fit under the general rule of LSA-C.C. art. 2134. The Code recognizes that a person with an interest who pays in his own name and is bound with the other debtor ought to be subrogated to the creditor's rights against the other debtor, unlike a mere volunteer. This recognition is embodied in LSA-C.C. art. 2161(3).
Subrogation is also consistent with Louisiana law concerning collateral sources. The "collateral sources" doctrine serves to prevent the defendant from receiving a windfall because the victim has chosen to provide, by contract, other sources of redress for injury. We do not permit this credit for the defendant because of the recognition that he is in fact liable for the harms so paid for by others. To the extent that others properly present their claims they should be reimbursed.
Support for the proposition that Aetna is bound with Naquin can also be found in the 1984 revision of the Civil Code (see fn. 2 supra.) In the official comments to NA LSA-C.C. art. 1829(3), comment (d) states that, "An obligor is bound `with' another under this article regardless of whether his obligation arises from the same act as the obligation of the other or from a different act."[5] In this case Aetna was bound with Naquin for the damages to the tenants. Aetna was bound for a different reason than Naquin but they were bound for the same thing. It is unnecessary to examine the relationship of the parties for solidarity as we have concluded that LSA-C.C. art. 2161(3) does not require solidarity. Therefore we hold that Aetna, having paid a debt which they were bound with Naquin, is entitled to be legally subrogated to their insureds' breach of contract action against Naquin. The judgments of the lower court are affirmed, appellant to pay all cost of this appeal.
AFFIRMED.
*955 LEMMON, J., concurs and assigns reasons.
DIXON, C.J., dissents with reasons.
CALOGERO, J., dissents for the reasons assigned by DIXON, C.J., in his dissent.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
Performance by a third person effects subrogation only when provided by law or agreement. C.C. 1855. The insurer pays its own obligation. There is no subrogation without contract or statute.
NOTES
[1] Ordinarily the overruling of an exception may be taken up with the rest of the case on appeal. However, as we noted in Herlitz Construction Co. v. Hotel Investors, Inc., 396 So.2d 878 (La. 1981), there is a right to appeal in cases where the ruling causes irreparable injury. In that case we stated:

... irreparable injury occurs if any ruling cannot as a practical matter be corrected on appeal. For example, once the trial court overrules an exception to venue and the case is tried on the merits in the wrong venue, an appellate court has no practical means of correcting the error on appeal. 396 So.2d at 878.
[2] Since this case arose, Articles 1756-2291 of the Louisiana Civil Code of 1870 were repealed and replaced by new articles 1756-2057 [hereinafter cited as NA]. For a discussion of the changes, see, The 1984 Revision of the Louisiana Civil Code's Articles of ObligationsA Student Symposium, 45 La.L.Rev. 747 (1985).
[3] NA LSA-C.C. art. 1855 replaces this article and retains the same substance:

Performance may be rendered by a third person, even against the will of the obligee, unless the obligor or the obligee has an interest in performance by the obligor.
Performance rendered by a third person effects subrogation only when so provided by law or agreement.
[4] NA 1829 provides that:

Subrogation takes place by operation of law:
1. In favor of an obligee who pays another obligee whose right is preferred to his because of a privilege, pledge or mortgage;
2. In favor of a purchaser of movable or immovable property who uses the purchase money to pay creditors holding any privilege, pledge, or mortgage on the property;
3. In favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment;
4. In favor of an heir with benefit of inventory who pays debts of the estate with his own funds; and
5. In the other cases provided by law.
[5] We recognize that the comments represent a legislative interpretation of the past law and as such is not binding on this Court. However, we refer to it and find it persuasive in this case because the revision represents a more cohesive and unified body of law. This unity is the result of many long hours of research and study by the reporters and it is because of this that it requires our attention.