DUFRESNE, Judge.
This case arises out of a subrogation claim. On April 4, 1984, property owned by Guy Olano, Jr. and John Ancani was damaged because of fire. At the time, the property was insured against fire by Fireman’s Fund Insurance Company of California. Fireman’s Fund paid Olano and Anca-ni $9,053.84, pursuant to the policy and later filed suit against the lessees, Sandra Lee, Steve Ziko, Nancy Ziko and their insurer, Prudential Property and Casualty Insurance Company, alleging the fire and resultant damage to its insureds’ property was caused by the fault of these tenants.
Olano and Ancani joined in the lawsuit seeking return of their $100.00 policy deductible.
Prudential filed an Exception of No Right of Action which was heard on December 13, 1985. The trial court granted the exception dismissing plaintiffs’ lawsuit. From this ruling plaintiffs have appealed presenting the following issue for our review.
Must an insurance company obtain a written subrogation document from its insured before attempting to recover from a third party damages which the insurance company has paid to the insured pursuant to the policy of insurance?
This issue has been presented to us before in Aetna Ins. Co. v. Naquin, 478 So.2d 1352 (La.App. 5th Cir.1985). There we held that a property insurer having paid lessees for damages to leased property had the identical effect as a direct payment to its insured-lessor.
Any inconsistencies found in this state relative to the subject issue have been ended and made clear with the Supreme Court’s decision in Aetna Ins. Co. v. Naquin, 488 So.2d 950 (La.1986).
The Supreme Court in Aetna upheld this writer’s view that there should be legal subrogation in these situations. To hold otherwise would allow the wrong-doers to go scot-free.
Accordingly, it is not necessary for an insurance company to have a written subro-gation document to recover from a third party damages they have paid pursuant to a policy of insurance.
For these reasóns, the trial court’s judgment granting the Exception of No Right of Action is reversed and this matter remanded for further proceedings.
All costs of this appeal to await the final outcome of the case.
REVERSED AND REMANDED.