509 So.2d 49 (1987)
Nita M. DIETRICH
v.
TRAVELERS INSURANCE COMPANY, et al.
No. CA 87 0023.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
*50 Richard McGimsey, Baton Rouge, for Nita M. Dietrich.
Arthur H. Andrews, Baton Rouge, for Cabana Pool Corp.
Frank A. Fertitta, Baton Rouge, for Vinyl Corp.
Dan Atkinson, Baton Rouge, for Marilyn Clark and Allstate.
Larry M. Roedel, Baton Rouge, for Roy and Kiesel.
A. Clay Pierce, Jr., Baton Rouge, for Travelers Ins. Co.
Robert D. Hamlett, Baton Rouge, for defendants.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
Third party plaintiffs, Roy & Kiesel, attorneys at law, appeal the trial court's action in granting the motion for summary judgment which dismissed the third party defendants, Marilyn Clark and Allstate Insurance Company (Allstate).
Roy & Kiesel employed the plaintiff, Nita M. Dietrich, as a secretary. While so employed, she was severely injured when she dove into the shallow end of Ms. Clark's swimming pool. Ms. Clark is insured by Allstate under a homeowner's policy. When Ms. Dietrich attempted to file a claim with Roy & Kiesel's medical insurance carrier, Travelers Insurance Company, her claim was denied. Subsequently, Ms. Dietrich filed two lawsuits, one for damages caused by allegedly tortious acts on the part of Ms. Clark and others and the instant suit for non-payment of medical expenses and disability compensation and for mental anguish allegedly occasioned by Travelers' breach of contract and/or Roy & Kiesel's failure to provide medical benefits as promised. Roy & Kiesel asserted third party demands against several parties, including Ms. Clark and Allstate, alleging that Ms. Clark and Allstate are liable to them for contribution and/or indemnification on the basis of Ms. Clark's and Allstate's liability for Ms. Dietrich's injuries. Ms. Clark and Allstate answered, claiming that they are not liable to Roy & Kiesel for any breach of contractual obligations that Roy & Kiesel may have owed to Ms. Dietrich. They also moved for summary judgment, alleging "that there is no dispute as to any material fact and that the law is in favor of movers." After reviewing the pleadings and depositions, the trial court granted Ms. Clark's and Allstate's motion, thereby dismissing Roy & Kiesel's third party demands against them on this cause of action, with prejudice.
*51 Roy & Kiesel appeal, claiming that factual and legal issues remained in dispute. A summary judgment shall be granted if "there is no genuine issue as to material fact" and if the "mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966. The law applicable to adjudicate these summary judgments is set forth in Wilson v. H.J. Wilson Co., Inc., 492 So.2d 54 (La.App. 1st Cir.1986), writ denied, 496 So.2d 355 (La.1986). Therein this court stated "[t]he mover has the burden of establishing the absence of material fact issues, and any doubt as to the existence of such fact isues is to be resolved against granting the motion." 492 So.2d at 56. Additionally, we said that "summary judgment should be granted only where reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law." 492 So.2d at 56.
In the instant case, the procedural requirements for a summary judgment have not been met. La.Code Civ. P. art. 1111 provides in pertinent part:
The defendant in a principal action by petition may bring in any person, including a co-defendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
In the instant case, Roy & Kiesel were sued, based on their employment contract with Ms. Dietrich, for their alleged failure to provide promised medical and disability insurance for Ms. Dietrich and for the alleged mental anguish caused by this failure. If the plaintiff would prevail on the principal demand, then Roy & Kiesel would step into the shoes of the medical insurance carrier and would be responsible for whatever medical benefits the Travelers policy would have provided for Ms. Dietrich, irrespective of how her need for medical benefits would have arisen. Under the rationale espoused by our supreme court in Aetna Insurance Company v. Naquin, 488 So.2d 950, 954 (La. 1986), Roy & Kiesel, if acting as Ms. Dietrich's medical insurer, would then be in the position of having paid a debt for which they were legally bound with another, and would be legally subrogated to Ms. Dietrich's claim against Ms. Clark and Allstate for alleged negligence. La Civ.Code art. 1829(3); formerly La.Civ. Code art. 2161(3). Therefore, Roy & Kiesel properly third-partied Ms. Clark and Allstate, since they may be liable to Roy & Kiesel for the principal demand.
Roy & Kiesel also contend that Ms. Dietrich's claim against them for mental anguish is a negligence claim and affords them the right of contribution or indemnity. However, the specific wording of Ms. Dietrich's petition and second amended petition in the instant case shows that she is seeking mental anguish damages from Roy & Kiesel based on their alleged failure to provide medical, life and disability insurance coverages as promised, not on the accident itself. Moreover, the record shows that on January 26, 1987, the trial court signed a summary judgment in favor of Roy & Kiesel dismissing Ms. Dietrich's claims for mental anguish damages arising out of the alleged breach of her contract by Roy & Kiesel.
For the foregoing reasons, the judgment of the trial court is reversed. Costs of this appeal are to be borne by Ms. Clark and Allstate.
REVERSED AND RENDERED.