JASPER E. JONES, Judge.
This action arises from the repair of a truck. Dixie Trucks, Inc., brought this action to recover amounts due for repairs on one truck and rental charges for another truck. Ralph Davis denied liability for Dixie’s claims and reconvened for damages due to faulty repairs and wrongful seizure of the truck.
The trial judge rendered judgment for damages in favor of Dixie for the unpaid portion of the repair charges and rental charges and in favor of Davis for the cost of additional repairs. The trial judge rejected Davis’ demands for damages for faulty repairs and wrongful seizure. Both parties appeal. We amend and affirm.
These appeals present the following issues:
(1) Were the repairs proper;
(2) If not, what is the appropriate measure of damages for faulty repairs;
(3) Was the seizure of the truck wrongful; and
(4) If so, what are Davis’ damages.

The Facts

In early December, 1985, the 1981 Peter-bilt truck, owned by Davis, was wrecked and heavily damaged in Atlanta, Georgia. A repair estimate was prepared by American Truck Claims, Ltd., of Ellenwood, Georgia. This estimate put the repair cost at *109 $26,000.00 including $850.00 for repair of the truck frame. Davis then decided to have the truck repaired in Shreveport and it was towed from Atlanta to Dixie Trucks.
A new repair estimate was prepared at Dixie. This estimate totaled $16,576.47 and made no allowance for frame repairs. Frame repairs were not included because Tommy Dupree, Dixie’s repair shop manager, checked the truck with gauges and found none was needed.
■ After Dixie began work the estimate was increased by $6,480.47 due to unavailability of suitable used parts. The repairs were completed by Dixie at a total cost of $25,-347.14, including towing charges and a tire allowance. These charges were paid with a check from Davis’ insurer in the amount of $16,076.47, payable to Davis, Dixie and the mortgagee of the truck, and Davis’ personal check for the balance.
Upon returning the truck to service, Davis noticed several problems with the repairs including steering problems. Due to these problems Davis stopped payment on his check.
Dixie declined to perform any corrective work until the check was paid. Davis took the truck to other repair shops and received estimates of over $20,000.00 to repair the truck, including repairs on the frame. The truck was declared unfit for service by KAW Transport Company which leased it from Davis.
On May 13,1986, Dixie filed suit and had a writ of sequestration issued. Davis answered and denied liability for the repair charges and stated he would seek damages if the truck were seized. Davis reconvened for damages for faulty repairs. The truck was then seized. Davis obtained the release of the seized truck in October, 1986, by posting security.

Issue #1

Dixie instituted this action to recover sums due under the repair contract. Davis responded by contending the repairs were faulty and he seeks recovery of the money paid to Dixie.
In repairing the truck Dixie was obligated to do the work in a good workmanlike manner. DeCuir v. Sam Brous-sard, Inc., 459 So.2d 1375 (La.App. 3d Cir, 1984); Gagliano v. Namias, 479 So.2d 23 (La.App. 4th Cir.1985).
The evidence shows that these repairs were not performed in such a manner. Dixie performed the repairs without correcting the frame damage found by the original adjuster in Georgia and by the repairmen who examined the truck after Dixie’s work. Dixie failed to perform frame repairs because its manager concluded none were necessary after examining the truck and checking the frame with gauges. This conclusion was obviously wrong and because of it the repair work done without correcting the frame was rendered faulty. This is so because the parts do not fit properly and many have been fitted to this damaged frame and cannot be re-used after the frame is corrected.
Dixie breached its obligations under the repair contract by performing the work without correcting the frame. For this reason the trial judge should have rejected Dixie’s demand for repair charges. Also, for this same reason, Davis is entitled to recover from Dixie for the faulty repair work.

Issue #2

We now consider the appropriate measure of Davis’ recovery. Dixie contends Davis is entitled to nothing because the truck was eventually “totaled” by his insurer which paid him its policy limits. Davis argues he is entitled to a return of the sums paid Dixie plus the cost to repair the truck.
Dixie suggests that under his insurance contract Davis was entitled to have either the truck repaired at his insurer’s expense or to receive the value of the truck with the insurer enjoying the option to choose which he would receive. Dixie argues that, as Davis’ insurer eventually “totaled” the truck and paid him the insured value, Davis has received all he is entitled to and Dixie owes him nothing. However, the flaw in this argument is apparent from other portions of Dixie’s brief where it states: “Dixie’s contract was with Davis ...” This is correct.
*110 Dixie contracted with Davis to repair the truck and it breached that obligation. That Davis’ insurer performed its obligations under its contract with Davis does not operate to relieve Dixie of responsibility for failure to perform its obligation to Davis and repair the truck in a good workmanlike manner.
The repairs made by Dixie were useless. This is shown by the fact that even after these repairs it would require over $20,-000.00 to fix the truck excluding towing charges.[1] Further, despite all of Dixie’s repairs the truck was still found to be unfit for service.
Under these circumstances, where the work done by Dixie is useless, the proper remedy for Davis is the return of the sums paid Dixie for this work. Stream v. LeJeune, 352 So.2d 714 (La.App. 3d Cir. 1977); Sledge v. Aluminum Specialties Mftg., Inc., 351 So.2d 835 (La.App. 1st Cir. 1977). To grant Davis the relief requested, which included the return of the repair cost paid to Dixie plus the cost of repair following Dixie’s faulty work, would allow a double recovery. Davis is entitled to recover the sums paid to Dixie for useless repair work but he is not entitled to also have Dixie pay for the cost of repairs.[2]
In this instance there are certain non-repair charges which Dixie is entitled to recover. These are towing charges, $1,453.44, tires, $313.12, and rental charges, $1,919.92. We will allow an offset for these items, totaling $3,686.48, against Davis’ recovery.

Issue #3

The trial judge found the seizure under sequestration valid and denied Davis’ claims for damages based on the seizure. We find the trial judge erred in this conclusion.
In the very similar case of McCann v. George, 238 So.2d 197 (La.App. 1st Cir. 1970), writ refused, 256 La. 883, 239 So.2d 541 (1970), the court held a seizure under sequestration premature and wrongful and allowed damages where a repairman seized a car where he was apprised that the car was not operating properly.
Here Dixie had been put on notice the truck was not operating properly and Davis had answered its petition raising meritorious defenses prior to the seizure. In this instance the seizure was premature and wrongful and Davis is entitled to recover damages.

Issue #4

Our final consideration is the calculation of Davis’ damages caused by the seizure.
Davis was deprived of the truck for approximately five months due to the seizure. The seizure prevented Davis from being able to have the truck repaired and returned to service or “totaled” so that he could obtain a new one. Under these circumstances damages are due for Davis’ loss of income. The evidence presented convinces us that an award of $5,000.00 for lost income is sufficient.
The next element of damages is attorney’s fees for the dissolution of the seizure. LSA-C.C.P. art. 3506. The record reflects that the great majority of counsel’s work has been devoted to other issues in this matter. In light of this we fix the award for attorney’s fees at $750.00.[3]
*111 For the foregoing reasons the judgment of the district court in favor of the plaintiff is reversed and the judgment in favor of the defendant, plaintiff-in-reconvention, is amended and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there he judgment herein in favor of Ralph Davis and against Dixie Trucks, Inc., in the amount of Eighteen Thousand One Hundred Thirty-nine and 99/100 ($18,139.99) Dollars with legal interest from judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the writ of sequestration issued herein be, and is hereby, recalled and dissolved and that the security posted by defendant, Ralph Davis, for release of the seizure be returned to him.
IT IS FURTHER ORDERED that the court costs are assessed against Dixie Trucks, Inc.
As amended the judgment is AFFIRMED. All costs are taxed against Dixie Trucks, Inc.
ON APPLICATION FOR REHEARING
Before JASPER E. JONES, FRED W. JONES, SEXTON, MARVIN and NORRIS, JJ.
Rehearing denied.

. Dixie charged $23,590.58 for repairs (total charges $25,357.14 less charges for towing and tires $1,766.56 = $23,590.58). The repair estimates of Commercial Frame and Alignment, prepared in May, 1986, after Dixie’s work total $22,989.12. Exhibit D-9.

. Dixie argues that Davis waived his claim for repair costs by a judicial admission under oath. It is unnecessary for us to consider this argument as we have found Davis is not entitled to recover repair costs, only the return of the amount he paid to Dixie for repair charges.

.We calculate the amount due Davis in damages as follows:
a) return of funds paid Dixie $16,076.47
b) loss of income 5,000.00
c) attorney’s fees 750.00
$21,826.47
less: credit to Dixie 3,686.48
$18,139.99