638 So.2d 1067 (1994)
Bruce MARTIN
v.
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, et al.
No. 94-C-0069.
Supreme Court of Louisiana.
July 5, 1994.
*1068 Raymond C. Jackson, III, Allen & Gooch, Harry Alston Johnson, III, Michael B. Wallace, for applicant.
Louis D. Bufkin, McHale, Bufkin & Dees, for respondent.
Ann Elizabeth DeGroff Levine, Eugene Peter Urbanowicz, Jr., Richard W. Bussoff, Perry Roger Staub, Jr., for amicus curiae, Ochsner Health Plan (OHP).
WATSON, Justice.[1]
The issue is whether a health and accident insurer, which pays its insured's medical expenses after an automobile accident, is entitled to legal subrogation against the tortfeasors.

FACTS
On October 27, 1987, guest passenger Bruce Martin was injured in a two-vehicle collision. Martin sued the drivers, the owners, and the insurers of both vehicles. Golden Rule Insurance Company, Martin's health and accident insurer, paid his medical expenses and intervened to recoup the sums paid under Martin's policy.
The trial court sustained plaintiff's exception of no cause of action and dismissed the intervention, holding that Golden Rule had no right to legal subrogation. The Court of Appeal affirmed. Martin v. Louisiana Farm Bureau Cas. Ins., 628 So.2d 1213 (La. App. 3d Cir.1993). Writs were granted to review the judgment of the court of appeal. 94-0069 (La. 3/18/94), 634 So.2d 844. We affirm.

LAW AND DISCUSSION
Golden Rule's claim for legal subrogation rests on Civil Code article 1829(3), which provides:
Art. 1829. Subrogation by operation of law.
Subrogation takes place by operation of law:
* * * * * *
(3) In favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment.
Article 1829(3) is an exception to the general rule that subrogation does not take place when a third person pays the debt of another. LSA-C.C. art. 1855 states the general rule that "... performance rendered by a third person effects subrogation only when so provided by law or by agreement." Legal subrogation derogates from the principle that no one may acquire another's right without that person's concurrence. 1 Saul Litvinoff, Obligations, § 11.51, at 289-90 (5 Louisiana Civil Law Treatise 1992); 7 Planiol & Ripert, Traité Pratique de Droit Civil Francais nos. 632-33 (2e ed. 1954). Due to the exceptional nature of subrogation by operation of law, the right is strictly construed. Pringle-Associated Mortgage Corporation v. Eanes, 254 La. 705, 226 So.2d 502 (1969).
The initial inquiry under article 1829(3) is whether Golden Rule is bound "with ... or for others."
An obligor is bound with others when the obligation is solidary. LSA-C.C. art. *1069 1794. Obligors are also bound with others when the obligation is indivisible. LSA-C.C. art. 1815; LSA-C.C. art. 1818. Co-sureties of the same debt are bound with each other. LSA-C.C. art. 3056. Sureties for debtors, who bind themselves or their property to secure performance, are subsidiary obligors and bound for others. LSA-C.C. art. 3048; LSA-C.C. art. 3295. These applications are supported by leading civil law commentators. See 2 Planiol & Ripert, Traité Elementaire de Droit Civil, pt. 1, no. 501, at 282 (La.St. L.Inst. trans., 11th ed. 1959); Aubry & Rau, Droit Civil Francais, in 1 Civil Law Translations § 321, at 202 (1965); 1 Saul Litvinoff, Obligations, § 11.54-56, at 297-301 (5 Louisiana Civil Law Treatise 1992); 12 Duranton, Cour de Droit Francais no. 166-70 (3e ed. 1834); 7 Toullier, Droit Civil Francais no. 147-153 (5e ed. 1839). Comments of French authors interpreting articles adopted from the French Civil Code are entitled to great weight. Orleans Parish Sch. Bd. v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Rials v. Davis, 212 La. 161, 31 So.2d 726 (1947).
None of these relationships are present in this case. First, Golden Rule is not solidarily bound with the defendants. An obligation is solidary among debtors when they are obliged to the same thing, so that either may be compelled to perform the whole obligation, and payment by one exonerates the other. LSA-C.C. art. 1794; Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982). Solidary liability is never presumed and arises only from a clear expression of the parties' intent or from the law. LSA-C.C. art. 1796. An insurer bound to repair the damage caused by a tortfeasor is solidarily liable with the tortfeasor because both are obliged to the same thingrepair of the tort damage. Fertitta v. Allstate Ins. Co., 462 So.2d 159 (La.1985). See LSA-R.S. 22:1406(D)(1)(a); LSA-R.S. 22:655(B)(1). Medical insurers are not obligated to repair tort damages. A medical insurer contracts to pay stipulated medical expenses, regardless of whether there is a tortfeasor and tort liability. The medical insurer thus pays its own debt, not that of the tortfeasor, and the two are not obligated to "the same thing." See Fertitta, 462 So.2d at 164, n. 7; 2 Planiol & Ripert, Traité Elementaire de Droit Civil, p. 1, no. 491 n. 27, at 278 (La.St.L.Inst. trans. 11th ed. 1959).
Golden Rule's obligation is not indivisible. An obligation is indivisible when the object of performance is not susceptible of division, for example an obligation to deliver a specific thing. LSA-C.C. art. 1815. The obligation to pay money at issue here is susceptible of division and thus provides no basis for legal subrogation.
A health and accident insurer is principally liable for the insured's medical expenses within the policy limits. Golden Rule is therefore not a subsidiary obligor or surety whose purpose is to secure the tortfeasors' debt.
Aetna Ins. Co. v. Naquin, 488 So.2d 950 (La.1986), allowed the insurer of rental property subrogation recovery against a negligent roofing contractor. In Naquin, both the insurer and the negligent roofer were bound for payment of the leaky roof damages. Naquin was a property damage exception to the general rule, which should not be extended to health and accident insurance. See the Naquin dissent by Dixon, C.J.
Golden Rule argues that legal subrogation should obtain because a contrary result would produce dual recovery. The possibility of a plaintiff's dual recovery alone does not overcome the weight of authority against legal subrogation. A tortfeasor is barred from raising collateral sources as a defense. See e.g., American Indemnity Co. v. New York F. & M. Under. Inc., 196 So.2d 592 (La.App. 1 Cir.1967); Peacock's, Inc. v. Shreveport Alarm Co., 510 So.2d 387 (La.App. 2 Cir.), writ denied, 513 So.2d 826, 827, 828 (La. 1987); Dixie Trucks, Inc. v. Davis, 530 So.2d 107 (La.App. 2 Cir.1988); Brannon v. Shelter Mut. Ins. Co., 520 So.2d 984 (La.App. 3 Cir.1987); Weir v. Gasper, 459 So.2d 655 (La.App. 4 Cir.1984), writ denied, 462 So.2d 650 (La.1985); Teague v. Barnes, 519 So.2d 817 (La.App. 5 Cir.1988). Consequently, plaintiffs will occasionally have insurance reimbursements for certain elements of damages and recover some of the same elements from tortfeasors.
*1070 Legal subrogation would bestow a windfall on Golden Rule, which did not bargain for that benefit. Health and accident insurers can readily protect themselves by stipulating reimbursement rights or conventional subrogation in their policy contracts. See, for example, Miller v. Sauseda, 611 So.2d 831 (La.App. 3d Cir.1992), writ denied, 614 So.2d 1254 (La.1993).

CONCLUSION
A health and accident insurer is not "bound with ... or for" a tortfeasor whose actions give rise to medical expenses. Consequently the insurer does not become legally subrogated to its insured's cause of action simply by making the medical payments called for in its insurance contract.
For the foregoing reasons, the judgments of the trial court and the court of appeal are affirmed.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I disagree with the majority's holding that a health and accident insurer does not become legally subrogated to its insured's cause of action against a tortfeasor by making medical payments. La.C.C. art. 1829(3) provides for legal subrogation:
in favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment.
Golden Rule, as the insurer, is responsible for plaintiff's medical expenses. Defendants are also liable for those expenses as a result of the accident. This is sufficient to satisfy the requirement in art. 1829(3) that the obligor owe a debt "with others." It is not necessary to examine the nature of the relationship between the obligors as the article does not require solidarity. See Aetna Insurance Co. v. Naquin, 488 So.2d 950, 954 (La.1986) (interpreting similar language in old La.C.C. art. 2161(3), the predecessor of art. 1829). Since the tortfeasor has not yet paid the plaintiff, the insurer still has recourse against the tortfeasor, thus satisfying the second requirement of art. 1829(3). Therefore, the insurer should be legally subrogated to the rights of the plaintiff against the tortfeasor for the medical expenses it has paid. Accordingly, I respectfully dissent.
NOTES
[1] Pursuant to Rule IV, Part 2, § 3, Hall, J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993); Judge Melvin A. Shortess, Court of Appeal, First Circuit, sitting in place of Justice James L. Dennis.