| .GONZALES, J.
On June 10, 1995, while driving his 1965 Ford truck, traveling North on the 1-110 exit ramp in Baton Rouge, Michael Dou-cet’s vehicle struck a 1995 Nissan owned by Louis Davis. Mr. Davis had one passenger in his car, Wade Curry.
Mr. Doucet’s insurer, National Automotive Insurance Company, paid Mr. Doucet, Mr. Davis and Mr. Curry for their damages. However, it did not receive an assignment of rights from Mr. Davis and Mr. Curry to collect against any third-parties that might be responsible for the accident. Mr. Doucet’s car had been serviced approximately two months prior to the accident by Odom’s Tire & Car Care Center, Inc.
Thereafter, National Automotive Insurance Company and Michael Doucet filed suit against Odom’s Tire & Car Care Center, Inc. and their insurer, The Hanover Insurance Company, alleging that the accident occurred because Mr. Doucet’s brakes failed due to the negligence and fault of Odom’s Tire & Car Care Center.
Odom’s Tire & Car Care Center and The Hanover Insurance Company filed a motion for summary judgment. They asserted that plaintiffs alleged no facts that would establish a causal relationship between the repairs performed on Mr. Dou-cet’s car on April IS to April 18, 1995, and the accident which occurred on June 10, 1995. Further, they asserted that National Automotive Insurance had no right to bring an action against Odom’s Tire & Car Care Center and The Hanover Insurance Company because, although it sought to recover $23,000.00 in payments to Mr. Davis and Mr. Curry, it had no assignment of rights from Mr. Davis and Mr. Curry, and, further, it was not subrogated to the rights of Mr. Davis and Mr. Curry.
After a hearing on the motion for summary judgment, the trial court ruled in favor of Odom’s Tire & Car Care Center and The Hanover Insurance Company, as follows:
IT IS HEREBY ORDERED that the Motion for Summary Judgment on the grounds that the Odom’s Tire and Car Care Center, Inc. was not negligent in the act of repairing the vehicle being driven by Michael Doucet is hereby denied;
IT IS FURTHER HEREBY ORDERED that the Motion for Summary Judgment against National Automotive Insurance Company for |3the payment for property damage to Mr. Louis Davis in the amount of $10,000 and for bodily injury payments made to Mr. Wade Curry in the amount of $7,750 is hereby granted;
IT IS FURTHER HEREBY ORDERED that the Motion for Summary Judgment against National Automotive Insurance Company for the payments made to Mr. Louis Davis for his bodily injury claim in the amount of $6,000 is hereby denied;
IT IS FURTHER HEREBY ORDERED that the Motion for Summary Judgment against Michael Doucet is hereby denied;
IT IS FURTHER HEREBY ORDERED that the claim of National Automotive Insurance Company for the payments issued to Mr. Louis Davis for property damage in the amount of $10,000 .and for bodily injury to Mr. Wade Curry in the amount of $7,750 is hereby dismissed, with prejudice at plaintiffs sole costs.
*842 National Automotive Insurance Company appealed that judgment, and makes the following assignments of error:
1. The trial court erred in failing to apply Louisiana Civil Code Article 1829(3), allowing National its right of subrogation for the payments to Davis and Curry, notwithstanding the absence of a signed subrogation agreement.
2. The trial court erred in its application of Hellmers vs. Department of Transportation and Development, 503 So.2d 174 (4th Cir.1987).
3. Alternatively, the holding of Hellmers vs. Department of Transportation and Development, 503 So.2d 174 (4th Cir.1987), is incorrect and should not be followed by this court.
ANALYSIS
National Automotive Insurance Company argues that it has a legal right of subrogation for the payments to Mr. Davis and Mr. Curry by virtue of La. C.C. art. 1829(3), notwithstanding the absence of a signed subrogation agreement. Louisiana Civil Code article 1829(3) provides that subrogation- takes place by operation of law: ■
3) In favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment;
This argument is erroneous because National Automotive Insurance Company was never legally subrogated to the injured parties’ claims; Odom’s Tire & Car Care Center is not an “other” who is responsible for plaintiffs damages because there has not been any |4determination of liability on its part. Therefore, in making these payments, National did not pay a debt it owed “with others.”
As support for its position, National Automotive Insurance Company relies upon Aetna Insurance Company v. Naquin, 488 So.2d 950 (La.1986). In Aetna, a property insurer’s suit against a contractor for reimbursement of funds paid to tenants on behalf of an insured landlord was consolidated with the insured landlord’s suit against the contractor for alleged negligent performance.
National Automotive Insurance Company cites Aetna for its description of subro-gation, as follows:
The granting of subrogation is completely compatible with the whole of Louisiana law. The insurer is not a mere volunteer who has paid the debt. Therefore he should not fit under the general rule of LSA-C.C. art. 2134. [See now La. C.C. art. 1855.] The Code recognizes that a person with an interest who pays in his own name and is bound with the other debtor ought to be subro-gated to the creditor’s rights against the other debtor, unlike a mere volunteer. This recognition is embodied in LSA-C.C. art. 2161(3). [See now La. C.C. art. 1829.]
Subrogation is also consistent with Louisiana law concerning - collateral sources. The “collateral sources” doctrine serves to prevent the defendant from receiving a windfall because the victim has chosen to provide, by contract, other sources of redress for injury. We do not permit this credit for the defendant because of the recognition that he is in fact liable for the harms so paid for by others. To the extent that others properly present their claims they should be reimbursed, (emphasis added.)
488 So.2d at 954.
This statement from Aetna does not help National Automotive Insurance Company because, again, National Automotive Insurance Company is not bound with the other debtor, Odom Tire & Car Care Center (until Odom is found negligent in its repair of the car). There is no relationship binding National Automotive Insurance Company and Odom Tire & Car Care Center together. Further, because Mr. Davis and Mr. Curry did not enter into a subro-gation agreement with National Automotive Insurance Company, Davis and Curry *843 still have the right to bring suit against Odom Tire & Car Care Center to recover for their damages.
| sThe trial court, in reaching its decision, cited Hellmers v. Department of Transportation and Development, 503 So.2d 174 (La.App. 4th Cir.) writs denied, 505 So.2d 1141, 1149 (La.1987). In Hellmers, a husband brought suit against DOTD for negligence by a DOTD truck causing an automobile accident which killed his wife and two minor sons. In Hellmers, Liberty Mutual Insurance Company, the Hellmers’ automobile insurer, made payments to plaintiff and others under its’ policy. In the suit filed by Mr. Hellmers, Liberty Mutual was named as a third-party defendant and reconvened against DOTD and Travelers Indemnity Company, which insured the DOTD truck, for payments it made to the plaintiff and others.
. The Hellmers court found that:
We agree that Liberty Mutual was not conventionally subrogated to these claims, as its policy contained no subro-gation agreements and there was no allegation or proof that the requirements for conventional subrogation had been met.
[[Image here]]
Following the interpretation of the Code article in [Aetna Insurance Company v.] Naquin [488 So.2d 950 (La.1986) ], we find that Liberty Mutual was legally subrogated to • the claims of its insured for payments it made under its policy; therefore, it can recover the amounts paid to plaintiff. However, we deny recovery of the amounts that Liberty Mutual paid to other parties as a result of the accident. We know of no theory which would allow legal subrogation in this instance. Unlike the situation in Naquin, these were not amounts paid by an insurer on behalf of its insured who was not responsible for the damages. Rather, they were sums which Liberty Mutual elected to pay to the owner and occupants of the Maus vehicle before any determination of liability was made. Since these persons were not a part of the litigation, there has not been any determination of the liability of either DOTD, Travelers, or Liberty Mutual with regard to them. Therefore, in making these payments, Liberty Mutual did not “pay a debit [it] owed with others or for others” in terms of article 1829(3). In the absence of legal subrogation, Liberty Mutual is not entitled to reimbursement for these amounts.
503 So.2d at 180-181.
In the present case, the trial court stated in oral reasons for judgment:
In the Supreme Court case of Aetna (sic) INSURANCE VERSUS NAQUIN cited .by both parties sheds light on this matter, that’s a 1986 case. That case was further explained by the Fourth Circuit in 1987 in the case of HELLMER[S] VERSUS DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT at 503 So.2d 174, wherein the Fourth Circuit was | Jaced with this exact situation and concluded that the insurer was not legally subrogated with the right of the third parties with which it settled.
Although Hellmers supports our finding that there was no legal subrogation in this case, we do not rely upon Hellmers in making this decision; rather, we rely upon the complete absence of support in the law for National Automotive Insurance Company’s position. Further, we note that National Automotive Insurance Company argues that it would be contrary to the rules of fair play not to allow it to proceed in this action; however, we find that it would be contrary to the rules of fair play to allow National Automotive Insurance Company to proceed against the defendants when Mr. Davis and Mr. Curry still have the right to bring an action against the defendants for the same damages. National Automotive Insurance Company could have foreclosed this possibility by doing the necessary and normal paperwork in settling this claim.
*844 Therefore, for the foregoing reasons, the trial court judgment is AFFIRMED. Costs are assessed against plaintiff-appellant, National Automotive Insurance Company.
FITZSIMMONS, J., concurs, and assigns reasons.