On Application for Rehearing

Rehearing Denied.
We have reviewed National Automotive Insurance Company v. Odom’s Tire and Car Care Center, Inc., 99-1453 (La.App. 1st Cir. 6/23/00), 763 So.2d 840, and find it to be factually distinguishable from the case before us.
We also note that the applicability of National Automotive was not raised in either the trial court or this court on original hearing. As the Louisiana Supreme Court noted in Stark v. Burke, Watt & Co., 9 La. Ann. 341, 345-46, 25 La. 288, 292-93 (1854), “The time of a court of justice should not be occupied with determining a cause on the general merits, only to reach the fruitless result of sétting aside its decree, not because it is erroneous in the case presented, but because the litigant desires to present a new question which he might have presented before.... [T]he provisions of our Code on the subject of rehearing, were clearly framed for the purpose of affording the court an opportu *327 nity of correcting an erroneous judgment, not for the purpose of raising new issues under new pleas.”
KLINE, J. would grant rehearing for reasons attached.
KLINE, J.
I would respectfully submit that we should grant the re-hearing to address this court’s prior decision in National Automotive Ins. Co. v. Odom’s Tire and Car Care Center, Inc., 99-1453(La.App. 1st Cir. 6/23/00), 763 So.2d 840, which could be determinative of the ultimate issues in this case if Louisiana law applies. However, there is an issue raised in the appeal as to whether Louisiana or Florida law should apply to this case.