MARJORIE B. HOWE *v.* METROPOLITAN SALVAGE SERVICE OF CONNECTICUT, INC., ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 156468
NEW HAVEN

Memorandum filed October 17, 1978

*Schine, Julianelle, Karp & Bozelko,* for the plaintiff.

*Cella & McKeon,* for the named defendant.

NORTON M. LEVINE, J. The plaintiff, Marjorie B. Howe Bianculli, on or about November 29, 1976, was involved in a motor vehicle accident when her vehicle collided with a truck operated by the defend-

ant Armand J. Gibson in New Haven. The truck was owned by the named defendant, Metropolitan Salvage Service of Connecticut, Inc. The plaintiff sustained personal injuries as a result of the collision. She made a claim for basic reparations benefits against her own automobile insurance carrier, Travelers Insurance Company. Travelers paid $5000 to the plaintiff as basic reparations benefits under her motor vehicle policy.

Travelers, claiming damages of $5000, thereupon commenced its own action in the Court of Common Pleas against the defendants in the present case. That case is captioned *Travelers Insurance Co. v. Gibson et al.,* hereinafter *Gibson.* The plaintiff, seeking recovery for her personal injuries, brought the present action against the defendants in a complaint filed November 14, 1977.

The defendants filed a special defense herein, which stated as follows: "Since the date of the accident complained of in the Complaint, the Plaintiff has received the sum of $5,000 from the Travelers Insurance Company, which sum is presently claimed against the Defendants by said Travelers Insurance Company in case No. 114242, which case is presently pending in the Court of Common Pleas, and may or may not be consolidated with this action at time of trial." The plaintiff filed a motion to expunge that special defense on March 1, 1978, which motion is presently before this court. The plaintiff alleges that the special defense is "immaterial, irrelevant, contains highly evidential matters which are clearly prejudicial to the plaintiff, as well as inadmissible at the time of trial." The plaintiff's motion has merit, for the reasons set forth hereinbelow.

At the threshold, the special defense is premature. As of the date of filing their special defense the

defendants had not paid any sums to Travelers for which they could even attempt to assert a current offset. For all that appears as of this date, the claim in *Gibson* might ultimately be withdrawn, for one reason or another, or might be defeated by the defendants therein following a trial. In that event, their defense in the present case would be academic. Hence, the defendants' claims as to present exposure to a double payment are extremely questionable.

The principal weakness of the special defense, however, is that it runs afoul of the collateral source rule as established and presently in force in Connecticut. That rule provides, in substance, that in a personal injury action a defendant may not prove that the plaintiff's losses were, in fact, reduced by payments or conduct or consequences considered collateral to the defendant. *Gorham* v. *Farmington Motor Inn, Inc.*, 159 Conn. 576, 579–80; Wright and Fitzgerald, Connecticut Law of Torts (2d Ed.) § 171 (c), p. 362; Tait, "Connecticut's Collateral Source Rule: Stepchild of the Law of Damages," 1 Conn. L. Rev. 93, 102.

Insurance proceeds are undoubtedly the most common collateral benefit. In *Roth* v. *Chatlos,* 97 Conn. 282, 287, the court applied the collateral source rule to hospital insurance. The view generally adopted by the courts is that where an injured person has purchased hospital or medical insurance which pays for the cost of treatment and hospitalization, in whole or in part, that insurance inures to the benefit of the insured, rather than to that of the tortfeasor. Annot., 77 A.L.R.3d 415, 422. The term "medical or hospital insurance" includes economic loss coverage in an automobile insurance policy, where the direct beneficiary plaintiff is the individual paying for the premiums, or a member of that individual's immediate family. 77 A.L.R.3d, supra, 418.

The collateral source rule, both as to medical payments and loss of earning capacity, has long been in effect in Connecticut. *Gorham* v. *Farmington Motor Inn, Inc.,* supra, 579. The restrictive rule in *Gorham* was followed in the recent case of *Healy* v. *White,* 173 Conn. 438, 448 (special education in public schools).

The defendants' basic thrust is that Travelers' $5000 payment to the plaintiff was made pursuant to the no-fault motor vehicle insurance statutes, General Statutes §§ 38-319 et seq. Travelers thereafter procured its claim against the defendants by subrogation, pursuant to General Statutes § 38-325 (c). The defendants thus contend that Travelers' payment somehow became converted from a collateral to a direct reimbursement item, and that it is excluded from the strictures of the collateral source rule. The defendants do not cite any reported authorities for this novel contention. It lacks merit.

There is no reason, in law or in fact, why the existence of the statutory subrogation right in Travelers should reclassify their disbursement to the plaintiff from a "collateral" to a "direct" payment. The defendants express their concern about the risk of double payment on their part: to the plaintiff in the present case, and to Travelers in *Gibson.* The short answer is that this issue can be resolved if the defendants file a special defense in *Gibson,* reciting the pendency of the two actions, and asserting an offset therein. *Gibson* offers the preferable forum for litigation of the amount and validity of the claimed offset. It would be unfair, and contrary to law, if the special defense could be made the subject of evidence in the present case.

Accordingly, the plaintiff's motion to expunge the special defense is granted.