636 So.2d 282 (1994)
Marie KIDDER, et al., Plaintiffs-Appellants,
v.
John BOUDREAUX, et al., Defendants-Appellees.
No. 93-859.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
Rehearing Denied May 19, 1994.
*283 J. Minos Simon, Lafayette, for Marie Kidder et al.
Kenny L. Oliver, Lafayette, for John Boudreaux et al.
Before GUIDRY, C.J., LABORDE and THIBODEAUX, JJ., and WILLIAM A. CULPEPPER[*] and LUCIEN C. BERTRAND, Jr.,[**] JJ. Pro Tem.
THIBODEAUX, Judge.
Marie Kidder filed a tort action claiming damages for injuries sustained when she was rear-ended by John Boudreaux's pickup truck. Mr. Boudreaux was insured by Louisiana Farm Bureau Casualty Insurance Company, but was also underinsured which resulted in Mrs. Kidder filing suit against her underinsured motorist carrier, State Farm Mutual Automobile Insurance Company. The parties stipulated to the liability of Mr. Boudreaux, and the case was tried solely on the issue of the extent of damages suffered by Mrs. Kidder and her children.
The case was tried before a jury. Evidence was presented by Mrs. Kidder and her daughter, Christine Borden, on the extent of Mrs. Kidder's back injury and on the harm the injury caused Mrs. Borden. At the close of Mrs. Kidder's case, the defendants moved for and were granted a directed verdict on the loss of consortium claims brought by all of Mrs. Kidder's children with the exception of Mrs. Borden.
The jury returned a verdict awarding Mrs. Kidder the following items of damages:

Pain and suffering, past and future ...$20,000.00
Permanent injury and disability........$10,000.00
Past medical expenses .................$13,275.00
Future medical expenses ...............$10,000.00

The jury concluded that Mrs. Borden was not entitled to any damages on her loss of consortium claim.
Prior to judgment, all claims against State Farm were dismissed and judgment was rendered only against Boudreaux and his insurer, Farm Bureau. Judgment was signed on December 23, 1992. Pursuant to a stipulation entered into by the parties that State Farm paid $5,000.00 to Mrs. Kidder representing payment of a portion of her medical expenses, the court reduced the jury award by that amount.
Pursuant to a motion for judgment notwithstanding the verdict, advanced by Mrs. Kidder and Mrs. Borden, the trial court held that the jury's decision regarding its denial of Mrs. Borden's claim for loss of consortium and its decision to deduct the $5,000.00 paid by State Farm from Mrs. Kidder's award, was without error.
Mrs. Kidder and Mrs. Borden have appealed the trial court's determination that Farm Bureau is entitled to a credit of $5,000.00 and have further appealed the jury's determination that Mrs. Borden is not entitled to damages for loss of consortium.
For the following reasons, we amend the judgment to reinstate the $5,000.00 improperly deducted by the trial court and affirm the jury's refusal to award loss of consortium damages.

*284 LAW AND DISCUSSION

The first issue presented is whether the tortfeasor's insurer, Farm Bureau, is entitled to credit for medical payments made to the injured party, Mrs. Kidder, by her own insurer where the insurer making payments, State Farm, did not assert a subrogation right, and where there is no evidence in the record that Mrs. Kidder and State Farm entered into a subrogation agreement, or that under its policy, State Farm was contractually subrogated to the rights of Mrs. Kidder to the extent of the $5,000.00 payment. We answer this issue in the negative, and amend the trial court's ruling.
Farm Bureau contends it is entitled to a credit for the amount Mrs. Kidder received from her underinsured motorist carrier, State Farm. The trial court gave Farm Bureau the credit. Mrs. Kidder argues that the "collateral source" rule is applicable to this case.
The "collateral source" rule means that the tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be diminished, because of benefits received by the plaintiff from sources independent of the tortfeasor's procuration or contribution. Williamson v. St. Francis Medical Center, 559 So.2d 929 (La.App. 2d Cir.1990); Doerle v. State, DOTD, 147 So.2d 776 (La.App. 3d Cir.1962). The clear result, in Mrs. Kidder's case of giving Farm Bureau the $5,000.00 credit, would be to permit Mr. Boudreaux and Farm Bureau to gain a substantial benefit from the fact that Mrs. Kidder procured and contributed to a separate insurance policy which would protect her from injuries caused by un/underinsured motorists which is clearly prohibited by the established jurisprudence of this state. Huval v. Sinitiere, 376 So.2d 548 (La.App. 3d Cir.1979).
Farm Bureau correctly points out that this court in Guillory v. Terra International, Inc., 613 So.2d 1084 (La.App. 3d Cir.1993), held that the right of subrogation is an exception to the collateral source rule even if the party subrogated does not appear to assert its subrogation rights and the defendants do not timely object to the nonjoinder of the necessary party. Guillory, 613 So.2d at 1093.
The Louisiana Civil Code Article 1825 provides the definition of subrogation as the substitution of one person to the rights of another. It further provides that subrogation takes place by written contract or by operation of law. Louisiana Civil Code Article 1827, involving subrogation by the obligee, provides that when an obligee receives performance from a third person, that obligee may subrogate that third person to his or her rights. Mrs. Kidder, as the person who is owed damages, is the obligee. Farm Bureau, as the insurer of Mr. Boudreaux, the tortfeasor, is the person who must pay damages to Mrs. Kidder. Farm Bureau is an obligor. State Farm, as Mrs. Kidder's insurer, is the third person from whom Mrs. Kidder, the obligee, has received performance. Thus, Mrs. Kidder may subrogate State Farm to her rights against Farm Bureau.
In Guillory, not only did the plaintiff receive performance from a third person, when his crop insurer paid $20,001.00 but, by virtue of a provision in his contract of insurance, the plaintiff subrogated his crop insurer to his rights. Insurance contracts usually contain provisions providing for conventional subrogation of the insurers to the rights of their insureds against the tortfeasors since the agreement is considered to be fairly negotiated. However, as Mrs. Kidder accurately pointed out in her reply brief, there is no evidence in the record of State Farm's right of subrogation since, unlike the plaintiff in Guillory, the insurance policy between State Farm and Mrs. Kidder was not introduced into evidence and is not a part of the record on appeal. Thus, there is no evidence that Mrs. Kidder granted by express agreement to State Farm the right to assert her claim for medical expenses against Mr. Boudreaux and his insurer, Farm Bureau.
Farm Bureau argues that subrogation took place by operation of law, as provided in La.Civ.Code art. 1829, subsection (3) which states that subrogation, absent a conventional subrogation agreement, takes place "in favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment." The payment for which Farm *285 Bureau seeks credit was for medical expenses which State Farm was obligated to pay under its policy with Mrs. Kidder. This circuit has recently held that a health insurer does not acquire, by operation of law, the right of legal subrogation to the claim of its insured against a tortfeasor for payment of medical expenses. Martin v. Louisiana Farm Bureau Casualty Insurance Company, et al., No. 93-223, 628 So.2d 1213 (La. App. 3d Cir.1993).
State Farm was not bound for the payment of a debt "with" or "for" Farm Bureau. State Farm's obligation to Mrs. Kidder existed even without the negligence of Farm Bureau's insured. Under the medical payment provision of an automobile policy, the risk which is insured is not dependent upon the fault of another. The mere existence of medical expenses was sufficient to give rise to State Farm's commitment to Mrs. Kidder. In this sense, this case is distinguishable from Aetna Insurance Co. v. Naquin, 488 So.2d 950 (La.1986).
In Aetna, the insurer of a landlord whose tenants had been damaged because of the negligent actions of a contractor paid the tenants' claim and sued the contractor for reimbursement. In allowing recovery despite the absence of a conventional subrogation, the supreme court reasoned that Aetna was "bound with" the negligent contractor for the damages to the tenants. Aetna paid and was subrogated to the rights of its insured and "bound with" only because of the contractor's negligence. In this case, State Farm owed Mrs. Kidder because of a risk assumed by State Farm and for which she paid a premium. This duty is completely independent from Farm Bureau's obligation resulting from its negligence.
Therefore, the trial court erred in giving Farm Bureau credit for the amount paid by State Farm to Mrs. Kidder representing payment of a portion of Mrs. Kidder's medical expenses; the judgment will be amended and increased by the $5,000.00 paid to Mrs. Kidder by State Farm.

LOSS OF CONSORTIUM
The last issue concerns the jury's conclusion as to Mrs. Borden's loss of consortium claim. Mrs. Borden claims that the jury erred in failing to find that she suffered a loss of consortium as a result of the injuries suffered by her mother, Mrs. Kidder, and in failing to award any amount in damages for that loss. Whether Mrs. Borden is entitled to damages for loss of consortium is a factual question for the jury to decide. This court may not set aside the jury's finding of fact in absence of "manifest error" or unless their finding is "clearly wrong." Stobart v. State, DOTD, 617 So.2d 880 (La.1993). This means we must do more than simply review the record for some evidence which supports or controverts the jury's finding. Id. We must review the record in its entirety to determine whether the jury's finding was clearly wrong or manifestly erroneous. Id. If the jury's findings are reasonable in light of the record as reviewed in its entirety, we may not reverse, even if convinced that had we been sitting as the trier of fact, we would have weighed the evidence differently. Id.
Mrs. Borden does not live with her mother, Mrs. Kidder. She does not rely on Mrs. Kidder for financial support. As much as their schedules allow, mother and daughter are still able to get together. Their love for each other has not diminished and they still travel together to visit relatives in other cities. Mrs. Kidder is still able to drive her own car; thus, it is not necessary that Mrs. Borden act as chauffeur for her mother. The testimony of Mrs. Kidder reveals that despite her injuries she, nevertheless, enjoys a close relationship with her daughter. Although Mrs. Borden presented evidence that her mother can no longer accompany her on family trips as she once did and that they do not get together as frequently and when they do, the quality of that time is diminished, two permissible views of the evidence existed. Mrs. Borden's arguments invoke our sympathy. However, the jury was free to choose between those views and conclude, as they did, that Mrs. Borden did not suffer any damages as a result of her mother's injuries.
In the present case, we conclude, after review of the record, that the jury was presented with two permissible views concerning whether Mrs. Borden suffered a loss of consortium *286 due to her mother's injuries. The jury's findings were not manifestly erroneous.
Accordingly, for the above reasons, the judgment of the trial court is affirmed in all respects except as it undertakes to give Louisiana Farm Bureau Casualty Insurance Company a credit of $5,000.00, representing the amount which State Farm Mutual Automobile Insurance Company paid to Mrs. Marie Kidder, their insured, under State Farm's un/underinsured motorist coverage for a portion of Mrs. Kidder's medical expenses.
It is, therefore, ordered that the judgment of the trial court is amended to reinstate $5,000.00 which was deducted from Mrs. Kidder's damage award. In all other respects, it is affirmed.
Costs of the appeal are taxed against defendant-appellee, Louisiana Farm Bureau Casualty Insurance Company.
AMENDED AND AFFIRMED, AS AMENDED.
GUIDRY, C.J., concurs in part and dissents in part and assigns written reasons.
WILLIAM A. CULPEPPER, J. Pro Tem., concurs in part and dissents in part for the reasons assigned by GUIDRY, C.J.
GUIDRY, Chief Judge, concurring in part and dissenting in part.
I agree with the majority that there is no clear error in the trial court's decision to deny loss of consortium damages to Mrs. Borden. However, I respectfully disagree with the majority that the trial court erred, as a matter of law, in granting a credit on the judgment against Louisiana Farm Bureau Insurance Company (Farm Bureau) for the $5,000 in medical expenses paid by State Farm Mutual Insurance Company (State Farm) to the plaintiff, its insured.
Although Farm Bureau did not specifically plead its entitlement to a credit for the $5,000 in medical expenses paid by State Farm, at trial all parties voluntarily stipulated that Mrs. Kidder actually received such payment. In my view, this stipulation served to enlarge the pleadings so as to permit the allowance of such credit to Farm Bureau if legally correct. La.C.C.P. art. 1154. The majority, although recognizing that subrogation is an exception to the collateral source rule, concludes that the trial court erred in allowing Farm Bureau this credit because the record does not establish State Farm's right to either legal or conventional subrogation. I agree that the evidence does not establish any right in State Farm to conventional subrogation. However, in my opinion, the record clearly establishes State Farm's right to legal subrogation which bars application of the collateral source rule and entitles Farm Bureau to the $5,000 credit on past medical expenses granted by the trial court. This result is dictated by the Louisiana Supreme Court's decision in Aetna Insurance Company v. Naquin, 488 So.2d 950 (La. 1986). In Aetna, the insurer paid tenants of its insured, the building owner, under his homeowner's policy for damages incurred through the fault of Naquin, an independent roofing contractor. Aetna then sought recovery of the money it had paid to the tenants from Naquin, who it alleged caused the damage. Aetna had no right to conventional or contractual subrogation under its policy. In finding legal subrogation under the circumstances, the Supreme Court stated at page 954 as follows:
Support for the proposition that Aetna is bound with Naquin can also be found in the 1984 revision of the Civil Code (see fn. 2 supra). In the official comments to NA LSA-C.C. art. 1829(3), comment (d) states that, "An obligor is bound `with' another under this article regardless of whether his obligation arises from the same act as the obligation of the other or from a different act." In this case Aetna was bound with Naquin for the damages to the tenants. Aetna was bound for a different reason than Naquin but they were bound for the same thing. It is unnecessary to examine the relationship of the parties for solidarity as we have concluded that LSA-C.C. art. 2161(3) does not require solidarity. Therefore we hold that Aetna, having paid a debt which they were bound with Naquin, is entitled to be legally subrogated to their insureds' breach of contract action against Naquin. (footnotes omitted)
*287 See also Johnson v. Deselle, 596 So.2d 261 (La.App. 3rd Cir.1992), writ denied, 600 So.2d 638 (La.1992).
In the instant case, it seems clear that insofar as the $5,000 payment of medical expenses made by State Farm is concerned, legal subrogation takes place under La.C.C. art. 1829(3) because State Farm and Farm Bureau were both obligated for plaintiff's medical expenses to the extent of $5,000, although they were bound for different reasons. It is unnecessary to examine the relationship of the parties for solidarity as, under Aetna, solidarity is not required for legal subrogation to take place. Pursuant to Aetna, I conclude that State Farm, under the circumstances, is legally subrogated to the rights of the plaintiff, Marie Kidder, and since legal subrogation is an exception to the collateral source rule, the trial court did not err in allowing Farm Bureau credit for the State Farm $5,000 payment.
For these reasons, I respectfully dissent.
NOTES
[*] Honorable William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[**] Honorable Lucien C. Bertrand, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.