[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The defendants Mutual Mortgage Services, Inc. and Heidi Smith have asserted the following as a special defense: "The plaintiff was paid Forty Thousand Dollars ($40,000.00) on these exact claims from a bond of which Paul J. Smith and Mutual Mortgage Services, Inc. were the principals which payment was by way of offset and/or accord and satisfaction on her claimed loss." The plaintiff moves to strike this special defense, claiming that the defendants are improperly "raising a collateral source payment as a special defense."
"Practice Book § 10-78 specifically prohibits the pleading of collateral source payments as described in General Statutes §§ 52-225a
and 52-225b." Thomas v. Patriot General Ins. Co., 46 Conn. Sup. 188, 189,743 A.2d 174 (1999). Although the payments here are clearly not within the ambit of those Tort Reform statutes, the rule that collateral source payments may not be pled as a special defense predates the statutes and existed at common law. Howe v. Metropolitan Salvage Services ofConnecticut, Inc., 35 Conn. Sup. 119, 121, 400 A.2d 283 (1978).
However, it cannot be said as a matter of law that the payment alleged in the special defense was made by a collateral source. At common law, a collateral source is a source independent of the tortfeasor. Healy v.White, 173 Conn. 438, 448, 378 A.2d 540 (1977); see Gelsomino v.Mendonca, 723 A.2d 300, 301 (R.I. 1999); Kidder v. Boudreaux, 636 So.2d 282,284 (La.App.), writ denied, 644 So.2d 629, 630 (La. 1994); Luddy v.CT Page 6544State, 50 Misc.2d 992, 993, 272 N.Y.S.2d 223 (1966), affirmed,30 App.Div.2d 993,297 N.Y.S.2d 87, affirmed, 25 N.Y.2d 773, 303 N.Y.S.2d 522,250 N.E.2d 581 (1969); Jones v. California Casualty Indemnity Exchange,13 Cal.App.3d 1, 91 Cal.Rptr. 726, 728 (1970) (insurance policy taken out and maintained by the wrongdoer is not wholly independent of him, and thus cannot be considered to be a collateral source within meaning of collateral source rule); 22 Am.Jur.2d, Damages § 566 (1988); cf. Restatement (Second), Torts § 920A. Since the defense alleges that the defendants were principals on the bond, a reasonable if not inexorable inference is that they, or one of them, were paying the premium for it. "What is necessarily implied need not be expressly alleged." (Internal quotation marks omitted.) Ferryman v. Groton,212 Conn. 138, 146, 561 A.2d (1989).
Moreover, the defendants have alleged that the payment was made in accord and satisfaction of the plaintiff's claim. Although it seems anomalous for a payment pursuant to a bond to give rise to an accord and satisfaction of a tort claim,[1] given the dearth of facts included in the special defense, this is a question of fact; Swanson v. UnitedGreenfield Corp., 239 F. Sup. 299, 305 (D.Conn. 1965); Gillis v. Gillis,21 Conn. App. 549, 552, 575 A.2d 230, cert. denied, 215 Conn. 815,576 A.2d 544 (1990); that cannot be determined on a motion to strike. "If facts provable under the allegations would support a defense . . . the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike is denied.
 II
With respect to the motion for summary judgment of the defendant Heidi Smith, "[i]t is . . . true that an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby."Scribner v. O'Brien, Inc., 169 Conn. 389, 404, 363 A.2d 160 (1975). Participation in the paperwork in connection with the transaction giving rise to a tort is, without more, not participation in the commission of a tort. Rather, to hold a corporate officer liable, she must be shown to have had actual or constructive knowledge of the actionable wrong, as well as to have participated in it. Osterberger v. Hites Construction Co.,599 S.W.2d 221 (Mo.App. 1980). The tort appears to be that MMS came to hold the net proceeds of the refinance[2] and, as finally declared in the plaintiff's affidavit in opposition to the summary judgment motion, that Paul Smith stole her money. In her affidavit, Heidi Smith states that she was not involved in the refinance and that she had no knowledge of why money was being held by MMS. CT Page 6545
However, the fourth and fifth counts of the complaint allege that Heidi Smith knowingly joined Paul Smith in breaching their duty of trust to the plaintiff and that she wrongfully retained the proceeds of the refinancing transaction. Given the enormity of the damage visited on the plaintiff, this court denies the motion for summary judgment without prejudice to its renewal on the submission of a supplemental affidavit by Heidi Smith flushing out the known details of this fiasco and stating, inter alia, if she can do so under oath, what her involvement was before her father's death and whether she received the proceeds of the plaintiff's mortgage refinancing or herself took those proceeds. See generally, Armotek Industries, Inc. v. Freedman, 790 F. Sup. 383, 394
(D.Conn. 1992); Earthman's, Inc. v. Earthman, 526 S.W.2d 192
(Tex.Civ.App. 1975); 19 C.J.S., Corporations §§ 537, 544.
The motion to strike (#123) and the motion for summary judgment (#126) are both denied.
BY THE COURT
 Bruce L. Levin Judge of the Superior Court